**UNITED STATES of America**

v.

**Samuel J. MILLER and Elias Dubas.**

Crim. No. 22375.

United States District Court
E. D. Pennsylvania.

Sept. 21, 1966.

Joseph P. Braig, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Vinikoor, Fein, Criden & Johanson, by Martin Vinikoor, Howard L. Criden, Philadelphia, Pa., for defendant Miller.

## OPINION

JOSEPH S. LORD, III, District Judge.

On May 17, 1962, defendant[1] was indicted on charges of conspiracy, embezzlement, aiding and abetting embezzlement and receiving embezzled money. The Government contended at the trial that defendant was a bookmaker who had received money from another bookmaker with knowledge that it had been embezzled by one Barnes, a bank employe who was deeply in debt to the alleged bookmakers. The Government's position was that defendant and the other alleged bookmaker were participants in the embezzlement scheme. The principal factual issue at the trial was whether they knew or cared where the money came from or whether they merely accepted it without regard to its source. Defendant was acquitted by a jury of all these charges on January 10, 1964.

On December 5, 1965, he was indicted on the present two counts of wilfully failing to register and failing to pay the occupational tax on wagers and four counts of wilfully attempting to evade the excise tax on wagers allegedly accepted during the months of September through December, 1961. Defendant has moved to dismiss the indictment on the grounds that prosecution on the new charges would deprive him of his right to a speedy trial, violate the "unnecessary delay" clause of Federal Rule of Criminal Procedure 48(b), and place him in double jeopardy.

It is conceded by the Government that "the instant charges arise out of substantially the same events that gave rise to the previous Indictment * * *." Brief for the Government, p. 6. Thus, we are confronted with the questions: first, whether there has been so long a delay since the events, which allegedly occurred about four and one-half years ago, that a speedy trial has been denied; second, whether there has been an "unnecessary delay" under F.R.Crim.P. 48 (b); and third, whether the factual similarity makes the two sets of offenses charged similar enough to preclude this prosecution.

The "primary guarantee against bringing overly stale criminal charges" is the statute of limitations. United States v. Ewell, 383 U.S. 116, 122, 86 S.Ct. 773, 777, 15 L.Ed.2d 627 (1966). Nevertheless, one of the purposes of the speedy trial clause of the Sixth Amendment is "to limit the possibilities that long delay will impair the ability of an accused to defend himself." Id. at 120, 86 S.Ct. at 776. For present purposes, we are willing to assume, at least *arguendo*, that the Sixth Amendment "right of a suspect to speedy determination of guilt or innocence is not lost merely because the delay in the process occurs before the formal charge, rather

---

I. "Defendant" throughout this opinion refers only to defendant Miller.

than after." Nickens v. United States, 116 U.S.App.D.C. 338, 323 F.2d 808, 812 (1963) (Wright, J., concurring), cert. denied, 379 U.S. 905, 85 S.Ct. 198, 13 L.Ed.2d 178 (1964). Compare Mann v. United States, 113 U.S.App.2d 27, 304 F.2d 394, 396–397 n. 4 (1962) (dictum); United States v. Burke, 224 F.Supp. 41, 45–46 (D.D.C., 1963), with Bruce v. United States, 351 F.2d 318, 320 (C.A.5, 1965); Harlow v. United States, 301 F.2d 361, 366 (C.A.5, 1962), and id. at 375 (Rives, J., concurring), cert. denied, 371 U.S. 814, 83 S.Ct. 25, 9 L.Ed.2d 56 (1962). But if the Sixth Amendment precludes purposeful or oppressive delays from the time of the alleged offense to the time of trial, as well as from the time of charge to the time of trial, to invoke it on this basis there must be a showing of prejudice to the defendant. Cf. Cannady v. United States, 122 U.S. App.D.C. 120, 351 F.2d 817, 818 (1965). Absent a showing of special circumstances, the speedy trial clause would have no justification in addition to the statute of limitations.

The defendant here has alleged in his motion only a general possibility of dimmed memories and lost witnesses. That is not enough. He must be prepared to show some concrete harm from the delay. As in *Ewell,* defendant's "claim of possible prejudice in defending [himself] is insubstantial, speculative and premature. [He] mention[s] no specific evidence which has actually disappeared or has been lost, no witnesses who are known to have disappeared." 383 U.S. at 122, 86 S.Ct. at 777. Notwithstanding a delay of more than four years from the time of the events charged, neither the indictment nor the allegations of the motion make out a denial of a speedy trial.

■ Rule 48(b) of the Federal Rules of Criminal Procedure provides as follows:

"If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is un-necessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

In this case, the delay has been long, but we need not consider whether it has been "unnecessary." If the defendant has not been "held to answer to the district court," a delay in presenting a charge to the grand jury may not furnish the basis for dismissal under Rule 48(b). See Hoopengarner v. United States, 270 F.2d 465, 469 (C.A.6, 1959); United States v. Hoffa, 205 F.Supp. 710, 721 (S.D.Fla., 1962). Nothing in the record discloses that Miller had been "held to answer to the district court" before his indictment in December 1965.

■ Defendant's claim of double jeopardy turns on whether the present prosecution is essentially a relitigation of a former prosecution which failed. The same offenses may be involved in two prosecutions although they are labeled differently. Harlow v. United States, 301 F.2d 361, 375 (C.A.5, 1962), cert. denied, 371 U.S. 814, 83 S.Ct. 25, 9 L.Ed.2d 56 (1962). Cf. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). Where a new prosecution follows an acquittal, the dangers to be prevented are the harassment to the defendant and the unfairness of permitting the prosecutor a second crack at a conviction following an abortive first effort. See Abbate v. United States, 359 U.S. 187, 196–201, 79 S.Ct. 666, 3 L.Ed. 2d 729 (1959) (separate opinion of Brennan, J.).

The defendant argues that this prosecution, arising as it does out of the same acts from which the earlier prosecution arose, must necessarily be a rehash of the same issues. On this record, it cannot be said that this is so. The jury might, it is true, have acquitted Miller of the former charges because it found he was not gambling at all and thus did not accept any of the embezzled money. But it might equally have found that he was a gambler and did take the money, but was unconnected with the embezzlement. It is impossible to know which facts were found favor-

ably to defendant and were relied on by the jury. To conclude from the acquittal that the jury rejected the Government's evidence that defendant gambled would be at least as conjectural as concluding that it *did* find him to be a gambler but acquitted him on other grounds. It would also mean that even spurious and incredible defenses raised in a criminal trial would be deemed to have been resolved in defendant's favor if he gets an acquittal on any ground. The unsoundness of such a position is patent.

The nature of the offenses charged in the present indictment and the proof required to sustain a conviction based on them are both quite different from what was involved in the earlier trial. Cf. Morgan v. Devine, 237 U.S. 632, 639, 35 S.Ct. 712, 59 L.Ed. 1153 (1915). There is no rule requiring compulsory joinder of charges arising out of the same transaction. Compare, Note, Twice in Jeopardy, 75 Yale L.J. 262 (1965). Double jeopardy, therefore, is no ground for quashing this indictment. Defendant's motion to dismiss the indictment must be denied.

Defendant's motions for severance and bill of particulars are also without merit and are denied.

It is so ordered.