Gerald E. **FLEMING**, Defendant, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 6743.

United States Court of Appeals First Circuit.

June 6, 1967.

Robert A. Ford, Boston, Mass., for appellant.

Edward J. Lee, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

Defendant Fleming and one McKenny were indicted jointly for transferring marijuana without a written order in violation of the Federal Narcotics Law.[1] The alleged offense occurred on February 5, 1964 and defendants were indicted on April 23, 1965. This indictment resulted from an undercover narcotics investigation in the Boston area. The case was assigned for trial to March 17, 1966.[2] On the first morning of the trial defendant moved to dismiss the indictment. He complained that since this case involved only one alleged illegal transaction, the government had no legitimate reason for such an unreasonable delay either in presenting it to the grand jury or in bringing him to trial; that this delay substantially prejudiced his defense; that by reason thereof he was denied due process under the Fifth Amendment and was also deprived of his Sixth Amendment right to a speedy trial. Upon denial of this motion the defendant went to trial and the jury found him guilty as charged.

Defendant's principal contention on appeal is that the government's delay was prejudicial, unreasonable and oppressive. Also, he reasserts his contention that his Sixth Amendment right to a speedy trial was violated.[3] The delay

---

1. 26 U.S.C. § 4742(a).

2. Co-defendant McKenny pleaded guilty to the indictment on the day before trial.

3. On appeal defendant abandoned his contention made in the district court that this delay denied him due process in violation of the Fifth Amendment but now seeks for the first time to invoke the "unnecessary delay" clause of Rule 48 (b) Fed.R.Crim.P. Since this clause implements the Sixth Amendment right to a speedy trial, we see no necessity for separate treatment of this point, assuming it to be properly before us.

complained of relates to both the pre-indictment and the post-indictment periods. Whether there is any merit in this claim as to either period depends upon whether this defendant was prejudiced by this delay or whether it was occasioned by oppressive or culpable governmental conduct.[4] Cf. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). Compare Schlinsky, v. United States, 379 F.2d 735, decided by this court today.

■ Whatever may be the limits of a defendant's rights with reference to pre-indictment delay, suffice it to say that these limits have not been approached in the instant case. See Schlinsky v. United States, supra. To begin with, the pre-indictment delay was fairly short (fourteen months) and there was good reason for it. The record shows that the investigation of Fleming continued into 1965 and this delay stemmed from an entirely legitimate desire on the part of the government to keep the identity of its undercover agents secret until they had completed their investigation. Accord Powell v. United States, 122 U.S.App.D.C. 229, 352 F.2d 705, 708 (1965).

■ As to defendant's additional contention that the post-indictment delay violated his Sixth Amendment right to a speedy trial, as well as the "unnecessary delay" clause of Rule 48(b) which enforces this right, we point out that this delay was also very short—eleven months. Furthermore, "the right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances." United States v. Ewell, supra, 383 U.S. at 120, 86 S.Ct. at 776. Consequently, the showing of a mere lapse of time is not enough to establish denial of a speedy trial. As indicated above, it is essential that defendant also show prejudice or that the delay was improperly motivated.

■ The only prejudice alleged by this defendant in connection with either period was his own inability as well as that of his only defense witness to recall the events of February 5, 1964. A mere reading of the record demonstrates very clearly that defendant's memory certainly was not impaired as to what happened on that day. He testified in considerable detail both as to his actions and his whereabouts on the day of the alleged offense. As for his witness, it is not at all clear from the record that he was present during the transaction in question the details of which he allegedly forgot.[5] Consequently, defendant's claim with reference to both the pre-indictment and post-indictment period must fail.

■ Quite apart from this, we note that at no time did this defendant demand, request or attempt in any way to obtain a trial. Where, as here, defendants are not incarcerated frequently they prefer delay rather than a prompt trial. It is well settled that failure to seasonably demand a speedy trial is deemed a waiver of the right. United States v. Sanchez, 361 F.2d 824, 825 (2d Cir. 1966). This is particularly true when the motion to dismiss for lack of a speedy trial is not made until the very day of the trial itself. United States v. Wilson, 342 F.2d 782, 783 (2d Cir.), cert. denied, 382 U.S. 860, 86 S.Ct. 119, 15 L.Ed.2d 98 (1965); United States v. Ettelt, 334 F.2d 813, 815 (7th Cir. 1964); Harlow v. United States, 301 F.2d 361, 366–367 (5th Cir.), cert. denied, 371 U.S. 814, 83 S.Ct. 25, 9 L.Ed.2d 56 (1962).

All other points raised by defendant have been considered and found to be without merit.

Affirmed.

---

4. Since the defendant relies on the same facts to show prejudice as to both periods, we shall examine this contention infra in connection with defendant's Sixth Amendment claim.

5. Neither of the two government agents who testified as to all who were present at their February 5, 1964 meeting with this defendant, made any mention of Ray being there during any part of the transaction.