STATE OF TENNESSEE, Plaintiff in Error, v.
WILLIAM W. GOSSAGE and BOBBY JOE JORDAN,
Defendants in Error.—470 S.W.2d 30.

March 4, 1971.

Certiorari Denied by Supreme Court August 16, 1971.

David M. Pack, Attorney General, Everett H. Falk, Assistant Attorney General, Albert D. Noe, Assistant District Attorney General, Nashville, for plaintiff in error.

Harold E. Collins, Nashville, for Gossage.

Howard F. Butler, Nashville, for Jordan.

DWYER, J. The State appeals from the judgment of the Criminal Court of Davidson County sustaining the defendants' motion to quash the indictments on the grounds that there had been a denial of a speedy trial.

The record reflects that the defendants, William W. Gossage and Bobby Joe Jordan were arrested on warrants April 9, 1969, accusing them of receiving and concealing stolen property.

On April 11, 1969, additional warrants were issued on the same charge with resulting arrest again of the two defendants. The April 9 warrants were dismissed. The reason for the dismissal is not reflected in the record.

On July 22, 1969 they were indicted by the Davidson County Grand Jury. This indictment was quashed because it had been improperly endorsed by the grand jury foreman.

On October 17, 1969, the Davidson County Grand Jury returned another indictment against Gossage and Jordan with this indictment being nolle prossed by the State on the basis of a clerical mistake in the verbiage of the indictment.

On November 26, 1969, the Davidson County Grand Jury returned another indictment against Gossage and Jordan, this indictment being dismissed by the trial court on the motion of the defendants, the order of dismissal being entered on January 23, 1970.

It appears from this record that the defendants had been taken into custody as a result of the preceding three times, with Gossage on the last indictment voluntarily surrendering himself.

The trial court in its order of dismissal found as fact that the defendants have been oppressively and vexati-

ously prosecuted by the State contra to the speedy trial guarantees in both State and Federal constitutions.

The attorney general reasons that T.C.A. 40-2102 calls for a trial of the defendants within its mandate at the term to which they have been bound, which in this record would be the January term, or the next regular term, which would have been the May term. The first indictment was returned within the statute on July 22, 1969, the subsequent May term. This indictment from this record was dismissed because the foreman of the grand jury had improperly endorsed the indictment. As we view this, it does not come within any oppressive action attributable to the State. The next indictment was returned October 17, 1969, during the subsequent September term and nolle prossed upon motion of the State, with the record indicating no resistance to this action by the defendants. In the same September term the third indictment was returned on November 26, 1969, calling for a trial within the statute during the subsequent January term. The reasoning of the attorney general is that the quashing of the first indictment terminated the prosecution at that point. The second indictment was nolle prossed and the third was returned within the same term and called for a trial in the January term. The motion to dismiss was filed in the May term with dismissal ordered in the January term. He therefore reasons that the statute had not been violated in that there is no showing the State would not have disposed of the matter on its merits during the January term but was prevented by the order dismissing the indictment. We agree with the attorney general's reasoning.

We turn our attention to the motion to dismiss and find it alleges no averments as to any prejudice suffered by the defendants or any rights or interests lost protected by the speedy trial clause of both constitutions.

██ A fair reading of Arrowsmith v. State, 131 Tenn. 480, 175 S.W. 545; United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); and Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26, develops the underlying rule that a speedy trial denial *is relative and consistent with delays and depends upon circumstances.* There is, as in search warrant questions, no set litmus paper test or formula to use as a yardstick in determining whether or when an accused has been deprived of a speedy trial as guaranteed by the constitution.

In this record it is not clear why or what necessitated the second issuing of warrants but no showing is or has been made of any interest or rights of the defendant which were prejudiced thereby.

██ The failure of the grand jury foreman to endorse the indictment, as related, could not be attributable to the State.

As to the second indictment that was nolle prossed, we again have a void as to any prejudice suffered by the defendants as a result.

██ In summation, we fail to find in this record under the facts and circumstances that any right or interest secured by the speedy trial clause has been lost by the

defendants due to State action. There may have been a suggestion of the "Mack Sennet routine" by the State agents but we fail to perceive any purposeful or deliberate delay by the State to the deteriment of the defendants in this record.

We therefore hold that the finding of the trial court that the defendants have been oppressively and vexatiously prosecuted by the State is reversed.

The record is remanded for trial.

Mitchell and O'Brien, JJ., concur.