**UNITED STATES of America**

v.

**Grady F. BLANDEN.**

**Crim. No. 70–165.**

United States District Court,
E. D. Pennsylvania.

Jan. 7, 1972.

Thomas J. McBride, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Jeffrey Wilson, Defender Assn., Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

Grady F. Blanden was arrested by federal officers in October 1968 for possessing and uttering counterfeit currency. It was not until 17 months thereafter, on March 19, 1970, that he was indicted by a federal grand jury.[1] Blanden has now moved, pursuant to Rule 48(b), F.R.Crim.P.,[2] to dismiss the indictment on the ground that the delay between arrest and indictment was unnecessary.

Although the exact extent of a defendant's rights with reference to pre-indictment delay has not been clearly established under either the speedy trial guarantee of the Sixth Amendment or Rule 48(b) which implements that guarantee,[3] it is clear that the limits of such a right have not been approached in the instant case. See United States v. Dooling, 406 F.2d 192 (2d Cir.), cert. denied, Persico v. United States, 395 U.S. 911, 89 S.Ct. 1744, 23 L.Ed.2d 224 (1969); Fleming v. United States, 378 F.2d 502 (1st Cir. 1967). "[B]efore Rule 48(b) can be invoked there must be a showing that the delay prejudiced the defendant's ability to rebut the government's case, or that the delay was caused by oppressive governmental action." United States v. Dooling, *supra,* 406 F.2d at page 196. See United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Mull v. United States, 402 F.2d 571 (9th Cir. 1968), cert. denied, 393 U.S. 1107, 89 S.Ct. 917, 21 L.Ed.2d 804 (1969); Terlikowski v. United States, 379 F.2d 501 (8th Cir.), cert. denied, 389 U.S. 1008, 88 S.Ct. 569, 19 L.Ed.2d 604 (1967); United States v. Miller, 259 F.Supp. 294 (E.D.Pa.1966).

In the instant case, defendant alleges only that he was not the cause of the delay. There is no allegation, nor is there an attempt to show, that concrete harm resulted to defendant from the delay or that the delay was attributable to oppressive conduct on the part of the government. Under the circumstances, the motion will be denied. See United States v. Ewell, *supra;* Fleming v. United States, *supra;* Terlikowski v. United States, *supra.*

---

1. It appears from the government's answer to the motion that Blanden was turned over to state officers on state charges the day following his arrest. He remained in state custody at least until his arraignment in this court on August 18, 1970.

2. Rule 48(b), F.R.Crim.P., provides:
   If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.

3. For a thorough analysis of the problems arising under the Sixth Amendment on this issue see Justice Brennan's concurring opinion in Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970).

Defendant argues that a 17 month delay is so inherently prejudicial that the burden has shifted to the government to prove lack of prejudice.[4] In support of this position, defendant relies on Hanrahan v. United States, 121 U.S.App.D.C. 134, 348 F.2d 363 (1965). *Hanrahan* is clearly distinguishable. In that case there was a post-indictment delay of four years. Notwithstanding that the case had been tried and a voluminous record made, the matter was nevertheless remanded to the district court to determine whether, under the circumstances, there had been a denial of Sixth Amendment rights to speedy trial, and if none, to determine whether there had been such unnecessary delay under Rule 48(b) that the district court should, in the exercise of its discretion, vacate the convictions and dismiss the indictments. The court then went on to say, 348 F.2d at page 368:

> "In exercising that discretion the court should consider the prejudice resulting from possible loss of evidence as well as the hardships appellants might have suffered by reason of the delay in the prosecution." (Footnotes omitted)

In view of the evidence already adduced at the trial raising serious questions as to the government's reasons for delay, it is not at all surprising that in *Hanrahan* the burden of proving lack of prejudice to the defendants was placed on the government.

The motion to dismiss will be denied, but the denial will be without prejudice to a renewal of the motion at trial if it should then appear that defendant was prejudiced by the delay, or that the government's conduct was oppressive. Rule 12(b) (4), F.R.Crim.P. See United States v. Dooling, *supra*.

---

4. Research has failed to uncover a single case holding that a year and a quarter delay between arrest and indictment is inherently prejudicial. To the contrary, many cases have held that similar delays require an accused to show concrete harm by competent evidence. E. g., Fleming v. United States, 378 F.2d 502 (1st Cir. 1967) (14 month delay).; Terlikowski v. United States, 379 F.2d 501 (8th Cir.), cert. denied, 389 U.S. 1008, 88 S.Ct. 569, 19 L.Ed.2d 604 (1967) (2 year delay); United States v. Miller, 259 F.Supp. 294 (E.D.Pa.1966) (4 year delay).