**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George Y. STRIBLING, Defendant-
Appellant.**

**No. 72–1235.**

United States Court of Appeals,
Sixth Circuit.

Oct. 24, 1972.

James L. Oakar, Cleveland, Ohio, for defendant-appellant; John C. Goff, Los Angeles, Cal., on brief.

Richard D. Buhrman, Atty., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks and John P. Burke, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief; Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, of counsel.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Appellant in this case was convicted after jury trial in the United States District Court for the Northern District of Ohio on three counts charging willful evasion of federal income taxes for the years 1959, 1960 and 1961. The District Judge sentenced him to fines of $5,000

on each of the three counts, but suspended the fines as to counts two and three.

Appellant seeks to present two issues on this appeal. The first is his claim that he was denied his constitutional right to a speedy trial by the delays in completion of this case. The second is that certain evidence obtained by the Internal Revenue Service in interviews with him and offered as evidence in this trial should have been suppressed.

This second issue was squarely presented to this court in a previous appeal where this court, by a divided vote, reversed a United States District Judge's grant of the motion to suppress and the Supreme Court of the United States subsequently denied certiorari. United States v. Stribling, 437 F.2d 765 (6th Cir.), cert. denied, 402 U.S. 973, 91 S.Ct. 1661, 29 L.Ed.2d 137 (1971).

We consider that the Fourth Amendment issue has been conclusively disposed of in the prior appeal and is not before us at this time.

As to the speedy trial issue, the District Judge considered a motion to dismiss based on this ground and denied same in a well-considered memorandum opinion, a copy of which is made Exhibit A. The District Judge concluded from the record of the case that the delays in the case were "due principally to the defendant," and that there had been no demand for trial from him.

Our review of the record supports these findings completely. Additionally, we observe that the record discloses no ground for a claim of prejudice to the defendant.

Although Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), was, of course, not available to the United States District Judge at the time of his decision of the motion to dismiss for lack of speedy trial, we find no occasion for remand, since we believe the District Judge in effect did undertake the balancing of interests called for by Justice Powell's opinion in Barker.

We have likewise reviewed this record with the Barker standards in mind and conclude that the judgment of the District Court should be affirmed.

## EXHIBIT A

United States District Court
Northern District of Ohio
Eastern Division

Criminal Action
File No. CR 66-149

United States of America,
                                        Plaintiff,

        v.

George Y. Stribling,
                                    Defendant.

## MEMORANDUM

THOMAS, J.

Acting on January 20, 1970, defendant George Y. Stribling moves to dismiss the indictment. On December 30, 1969, the United States Attorney published the trial assignment of criminal cases (jury) to be tried in this court room. The Stribling case is the third case on the trial list.

The defendant was indicted by the grand jury of the United States District Court for the Western District of Washington, Southern Division. The indictment was returned on March 9, 1966; and pursuant to the defendant's move for a change of venue to this court the cause was transferred here on April 21, 1966. The indictment charges the defendant with income tax evasion.

Defendant Stribling moves that the indictment be dismissed on the following grounds:

1. He has been denied his right to a speedy trial, contrary to the Sixth Amendment of the United States Constitution; and

2. There has been an unnecessary delay in bringing him to trial, contrary to

Rule 48(b) of the Federal Rules of Criminal Procedure.

Mathies v. United States, 126 U.S. App.D.C. 98, 374 F.2d 312 (1967) states that Rule 48(b) "places a stricter requirement of speed on the prosecution, and permits dismissal of an indictment even though there has been no constitutional violation. [citations]." Fleming v. United States, 378 F.2d 502 (1st Cir. 1967) says merely that the "unnecessary delay" cause of Rule 48(b) enforces the Sixth Amendment right to a speedy trial. Yet it is apparent from both *Mathies* and *Fleming* that an accused who would assert rights either under the Sixth Amendment or under Rule 48(b) must make a showing of "unnecessary delay;" he must show that he has been prejudiced by the delay or he must show that the delay was arbitrary, purposeful, oppressive, or vexatious. Moreover, as *Fleming* puts it, "It is well settled that failure to seasonably demand a speedy trial is deemed a waiver of the right. [citations]" *Id.* at 504.

Relying on United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966), United States v. Beard, 381 F.2d 325 (6th Cir. 1967) found no merit to a claim that the defendant's right to a speedy trial under the Sixth Amendment to the Constitution was violated. The Sixth Circuit pointed out that "there is no evidence that any witnesses were unavailable or that he was prejudiced in any other way through this delay." The court added, "The passage of time in and of itself does not constitute denial of a speedy trial [citations]." 381 F.2d at 328.

Thus it becomes imperative to examine the particular facts in this case. On August 25, 1969, a pretrial in this case was conducted before Judge Thomas D. Lambros of this court. The stenographic transcript of the pretrial proceedings reflects that the defendant George Y. Stribling was present in open court with his attorneys, Mr. Stewart O. McHenry and Mr. John C. Goff. After referring to the indictment, Judge Lambros noted that "the defendant has been heretofore admitted to bail and has posted a surety bond in the sum of $1500." The court then made this significant statement:

> This case has been subject to pretrial conferences previously, and arraignment has heretofore been passed and continued at the request of the defendant, through his attorneys. Request for continuance of arraignment has been for the purpose of conferring with the Internal Revenue Department, proper division thereof, with a view to and hopes of arriving at a civil solution to the matter contained herein.

The court then went on to say:

> It appears that a civil solution has not been had in this case, the nature of which would cause the government to withdraw its charges, and the government has informed this Court that it intends to proceed with the criminal charges. The Court, therefore, at this time sets this matter for arraignment.

Defendant was then arraigned and entered a plea of not guilty to each of the three counts.

Upon this record it is evident that as recently as August 25, 1969, the defendant had not demanded a trial of the 1966 indictment. On the contrary the defendant had successfully requested postponement of his arraignment until the date of August 25, 1969. Hence, as of August 25, 1969, the record shows unequivocally that the procrastination in the prosecution of the defendant is due principally to the defendant. Under the applicable interpretation of the Sixth Amendment and Rule 48(b), previously noted, neither ground of defendant's motion to dismiss the indictment can be sustained.

What about the period since August 25, 1969? The transcript of the proceedings on August 25, 1969, goes on to say the following:

> THE COURT: The Court had been prepared to set this matter down for

trial at the beginning of the next jury term, which is on September 2nd. However, the Court having been informed that there would be considerable time involved in the preparation of this case, and the defendant now desiring to have the case continued until after the turn of the year, and the government having no objections to a trial date being scheduled after the turn of the year, the request will be granted and the clerk will be instructed accordingly, not to schedule this case for trial until after January 1st.

MR. McHENRY [defense counsel]: Thank you, your Honor.

The defendant appeared before Judge Lambros on August 25, 1969 with his then counsel. Through them he requested that trial of his case be postponed until 1970. Under those circumstances neither the defendant nor his new counsel (since November 11, 1969) can now be heard to assert lack of speedy trial in violation of the Sixth Amendment or "unnecessary delay" in violation of Rule 48(b).

Defendant's motion to dismiss the indictment is overruled. The defendant has also filed a motion for leave to file motions for a bill of particulars and for inspection and copying of documents. Leave is granted the defendant to file such motions.

All parties are informed that on Friday, February 13, 1970 at 1:30 o'clock in the afternoon this court will conduct a pretrial hearing at which these motions and any other motions will be considered and, if possible, then ruled upon.

The Government is directed to appear at the pretrial by both trial counsel and by a responsible agent of the Internal Revenue Service with authority to bind the Government to any stipulations or other matters that may come up in the course of the pretrial. The defendant, together with his counsel, are directed to be present in court at said pretrial. Prior to the pretrial counsel for the Government and counsel for the defendant are directed to undertake the fullest

possible negotiations to dispose of unfinished pretrial matters. A trial date will be set at the pretrial hearing.

/s/ WILLIAM K. THOMAS
United States District Judge