Chuck BOSWELL, alias James M. Boswell, III, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

July 14, 1975.

Certiorari Denied by Supreme Court Sept. 2, 1975.

Billy G. Leffew, Rockwood, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., Etrula R. Trotter, Asst. Atty. Gen., Nashville, H. Kenneth Deatherage, Dist. Atty. Gen., Kingston, for defendant-in-error.

## OPINION

O'BRIEN, Judge.

Defendant was convicted by a jury of selling marijuana in the Criminal Court for Roane County, Honorable Lloyd G. McCluen, Judge. His sentence was fixed at not less than one nor more than three years in the State Penitentiary, plus a fifteen hundred dollar ($1,500.00) fine.

On his appeal from the judgment, defendant makes five assignments of error, the first three of which attack the weight and legal sufficiency of the evidence.

Defendant was positively identified by a T.B.I. undercover agent as the individual who sold to him a quantity of substance analyzed and determined to be marijuana, in violation of T.C.A. Section 52–1432(a)(1)(F). In his own defense defendant testified he had never been involved in the sale of marijuana, did not recognize the T.B.I. agent as a person whom he had ever seen before, and, specifically, had not made a sale of marijuana to this State witness.

This evidence created an issue of fact which has been settled by the jury against the contention of defendant. He has failed to carry the burden, imposed on him here, of showing that the evidence preponderates against the jury verdict. Assignments of error 1, 2, and 3, are overruled.

By the fourth assignment it is charged that the trial judge erred in overruling defendant's motion to quash the indictment based on the grounds he was denied a speedy trial.

Defendant's complaint is that approximately one year elapsed between the purported offense with which he was charged and the date of the indictment.

Reliance is placed on the 6th Amendment to the Federal Constitution, and Article I, Section 9 of the Tennessee Constitution in asserting the right to a speedy trial. *Dickey v. Florida*, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26, and *Pollard v. U. S.*, 352 U.S. 354, 361, 77 S.Ct. 481, 486, 1 L.Ed.2d 393 are cited as authority to sustain this position.

We disagree. The *Dickey* case, coming from the state of Florida, involved a defendant who was tried and convicted some eight years after his arrest, in spite of various efforts on his part to have his case brought to trial for a hearing on the merits of the charges against him. *Pollard*, supra, is mentioned only incidentally, and it appears the statement in the brief is not an

exact quotation from the text, in addition to being inapplicable to the facts of the case sub judice. *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468, points out that the sixth amendment's speedy trial provision has no application until the putative defendant in some way becomes an "accused", an event which does not occur until there is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge occurs. Although *Marion,* supra, dealt with consideration of a Federal indictment, we have not been referred to any authority to the contrary in this state, and we hold that to invoke an individual's right to a speedy trial under the provisions of Article I, Section 9, of the Constitution of this state, there must be either a formal indictment or presentment, or the actual restraints imposed by arrest and holding to answer a criminal charge.

Defendant says it was error to overrule a plea in abatement charging the indictment was fatally defective in form and sufficiency. The indictment named defendant as Chuck Boswell, alias. The plea in abatement stated his true name to be James M. Boswell III.

This assignment must be overruled. There is no entry on the minutes of the court showing the action of the trial judge on the plea in abatement. We cannot look to the Bill of Exceptions to determine this question. *Russell & Sweeney v. State,* Tenn.Cr.App., 499 S.W.2d 945. Moreover, T.C.A. Section 40–1803, provides inter alia, that a person may be indicted under any name by which he is generally known. The transcript of a pretrial hearing on the plea in abatement is included in the Bill of Exceptions. The trial judge made a finding of fact that defendant was known in grammar school and among his friends as Chuck Boswell, and to his family as Chuckie Boswell. A finding of fact by the trial judge is conclusive unless this court finds the evidence preponderates against the judgment. *Mitchell v. State,* Tenn.Cr.App., 512 S.W.2d 661. We concur with the trial judge's finding. The likelihood of defendant being again placed in jeopardy by prosecution for the same offense is vitiated by the record in this case.

The judgment of the trial court is affirmed.

GALBREATH, J., and C. ALLEN HIGH, Special Judge, concur.