STATE of Tennessee, Appellant,

v.

John Leburn NORTHCUTT, Appellee.

Court of Criminal Appeals of Tennessee.

Feb. 28, 1978.*

Rehearing Denied April 12, 1978.

Certiorari Denied by Supreme Court
July 10, 1978.

* A portion of the opinion was deleted from publication by the court.

Brooks McLemore, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Pat Apel, Asst. Dist. Atty. Gen., Nashville, for appellant.

Vincent E. Wehby, Nashville, for appellee.

## OPINION

TATUM, Judge.

This is an appeal by the State from the judgment of the Criminal Court of Davidson County sustaining the defendant-appellee's Motion to Dismiss an indictment for second-degree murder on the grounds that there has been a denial of a speedy trial. The Motion to Dismiss states that the appellee's speedy trial rights under T.C.A. § 40–2102 and his guarantee of a speedy trial by the United States and Tennessee Constitutions have been denied. The judgment of the Criminal Court is reversed.

On 28 February 1976, an affidavit was sworn to and a warrant was issued by the General Sessions Court charging that on that day, the appellee committed second-degree murder. A preliminary hearing was set for 2 March 1976, but continued until 13 April 1976, to enable the State to procure its witnesses. After the preliminary hearing of 13 April 1976, the General Sessions Judge dismissed the warrant for lack of probable cause. No further action was taken in the case until 27 July 1977, when the Grand Jury returned an indictment charging the appellee with second-degree murder. The motion to dismiss was filed 2 September 1977, and, as stated, it was sustained.

■ It is the contention of the appellee that when T.C.A. § 40–2102 is construed *in pari materia* with T.C.A. § 40–2001, it must be concluded that he has been denied a statutory right to a speedy trial. T.C.A. § 40–2001 guarantees "in all criminal prosecutions, the accused is entitled to a speedy trial . . ." This code section is derived from Article I, Section 9 of the Tennessee Constitution and gives the appellee no rights that are not already guaranteed to him by the Federal and State Constitution; it does not alter the expressed intent of § 40–2102.

T.C.A. § 40–2102 provides as follows:
"40–2102. *Dismissal for failure to bring to trial.*—If a defendant charged with an offense be not indicted at the term *to which he has been bound,* or, where the trial has not been postponed on his application, be not brought to trial at the next regular term of the court in which the indictment is triable, after the same is found, the court may order it to be dismissed, unless good cause to the contrary be shown." [Emphasis added.]

■ In construing this code section, we are bound by rules of statutory construction that are firmly established and often cited. Unambiguous statutes must be construed to mean what they say; they cannot be given another meaning by judicial construction. *Montgomery v. Hoskins,* 222 Tenn. 45, 432 S.W.2d 654 (1968); *Henry v. White,* 194 Tenn. 192, 250 S.W.2d 70 (1952). A statute should be construed as a whole and it should be assumed that the legislature used each word purposely and that those words convey some intent and have a meaning and a purpose. It is our duty to construe

the statute so that no part will be inoperative, superfluous, void or insignificant. *Tidwell v. Collins,* 522 S.W.2d 674 (Tenn. 1975); *Tidwell v. Servomation-Willoughby Co.,* 483 S.W.2d 98 (Tenn.1972).

In applying these rules, we cannot ignore the phrase "to which he has been bound." The statute is clear and unambiguous. By its expressed terms it is applicable only when a defendant "has been bound" to the action of the Grand Jury and is not applicable when he is not so bound.[1]

The purpose of the statute is to prevent an accused from being detained in jail or under bond for a prolonged period of time. This oppression cannot arise when the accused is dismissed at the preliminary hearing.

The protection of the speedy trial provision of the Sixth Amendment to the United States Constitution is not engaged by the arrest followed by a prompt discharge of the person arrested at the preliminary hearing. The invocation of the speedy trial provision requires both an arrest and holding to answer a criminal charge, or a formal indictment or information. *Dillingham v. United States,* 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975); *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

In dealing with an analogous situation, the United States Court of Appeals, Sixth Circuit, in *United States v. Martin,* 543 F.2d 577, 579 (1976), said:

"Martin's second contention is that he was denied his Sixth Amendment right to a speedy trial. He was originally charged with the activities which are the subject of this indictment in August 1972. Those charges were dismissed in January 1973. This indictment was filed in December 1974. Martin was tried and convicted in December 1975.

The Sixth Amendment right to a speedy trial does not attach until the formal charge, the trial of which is alleged to have been inordinately and prejudicially delayed, is made. *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Because there was no indictment which could have been tried in the period between January 1973 and December 1974, we cannot say that a speedy trial was delayed during that time. The remaining time is not remotely comparable to the five year delay which provoked the analysis in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Even if we were to include the five months between the filing and dismissal of the earlier charges in this case, the total period of delay would still be less than the time between Barker's first objection to delay and Barker's trial. Even that period was insufficient to show a violation of Barker's Sixth Amendment rights."

The actual restraints imposed by the arrest and holding to answer a criminal charge, or formal indictment or presentment is required to invoke the speedy trial provisions of Article I, Section 9, Constitution of Tennessee. *Boswell v. State,* 528 S.W.2d 825 (Tenn.Cr.App.1975); *State v. McCullough,* 4 Tenn.Cr.App. 272, 470 S.W.2d 50 (1971); *State v. Gossage,* 4 Tenn. Cr.App. 222, 470 S.W.2d 30 (1971).

Moreover, there is no showing of any prejudice on the part of the appellant and under the circumstances of this case, prejudice cannot be presumed. There is no showing that the State purposely awaited the presentation of this case to the Grand Jury to gain tactical advantage. Even if we had found that the period of delay was continuous from 13 April 1976 until the return of the indictment in July, 1977, there was no denial of right shown by assessment of the following factors: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant. *See, State v. Bishop,* 493 S.W.2d 81 (Tenn.1973); *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

---

1. The same construction has been given to Rule 48(b) of the Federal Rules of Criminal Procedure. *See, United States v. Miller,* 259 F.Supp. 294 (E.D.Pa.1966) and cases there cited.

The judgment dismissing the indictment is reversed and this case is remanded to the Criminal Court of Davidson County for trial.

BYERS, J., and FRANK DROWOTA, Special Judge, concur.

## OPINION ON PETITION TO REHEAR

TATUM, Judge.

The appellant has filed a petition to rehear. It is a reargument of matters already presented to us and points out no material proposition of law or fact overlooked by us.

 The appellant insists, among other things, that we should sustain the action of the Trial Judge dismissing the indictment because of an allegation that the foreman of the grand jury asked a witness whether or not the appellant had a criminal record. The Court did not delve into this allegation and this was not a basis for the dismissal of the indictment. However, the legality of evidence heard by a grand jury is not subject to judicial review. An indictment returned by a grand jury, if valid on its face, is enough to call for trial of the charge on the merits. *Parton v. State*, 2 Tenn.Cr.App. 626, 455 S.W.2d 645 (1970). Generally, also see *Rippy v. State*, 550 S.W.2d 636 (Tenn. 1977); *Gammon v. State*, 506 S.W.2d 188 (Tenn.Cr.App.1973); *Casey v. State*, 491 S.W.2d 90 (Tenn.Cr.App.1972).

The petition to rehear is denied. *Keith v. State*, 218 Tenn. 395, 403 S.W.2d 758 (1966); *Williams v. State*, 542 S.W.2d 827 (Tenn.Cr. App.1976).

BYERS, J., and FRANK F. DROWOTA, III, Special Judge, concur.