**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Burt Ronzy BEARD, Defendant-Appellant.**

**No. 16971.**

United States Court of Appeals Sixth Circuit.

July 25, 1967.

See also 6 Cir., 381 F.2d 329.

Thomas S. Shore, Jr., Court appointed, Cincinnati, Ohio, for appellant, Taft, Stettinius & Hollister, Cincinnati, Ohio, on the brief.

· Ernest W. Rivers, U. S. Atty., Louisville, Ky., for appellee.

Before WEICK, Chief Judge, PECK, Circuit Judge, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

Burt Ronzy Beard, defendant-appellant herein, was convicted in the United States District Court for the Western District of Kentucky of robbing the First National Lincoln Bank of Louisville, Shawnee Branch, of $3961. He was indicted by the Grand Jury on one count charging that on May 6, 1965, by intimidation, he took from three employees of the bank, an insured institution, the sum of $3961 of the property of the bank in violation of Section 2113(a),[1] Title 18, U.S.C. He was tried before a jury, found guilty and sentenced to fifteen years imprisonment. This appeal followed.

At about 1:30 p. m., on May 6, 1965, a man wearing a blue coat and sunglasses entered the Shawnee Branch of the First National Bank of Louisville, and announced that it was a holdup. As he entered the bank he pulled a white handkerchief over his face as a mask. He ordered the tellers to put their money on the counter and he put it in a paper sack. As he walked out of the bank he put the sun-glasses in his pocket and pulled the mask off of his face. One of the tellers sounded an alarm.

Patrolman Jesse Taylor answered the alarm and after driving around in the vicinity of the bank observed a man running out of an alley near the bank. The man was Burt Ronzy Beard, the defendant. At this time he wore pants and a couple of shirts with no coat. Mr. Sheer, an employee of the bank, who was with Patrolman Taylor, could not positively identify him. The officer took the defendant into the bank and Mr. Sheer asked Mrs. Murphy, a teller, to look at him. She said: "Gee, it don't look like him." The officer then released him but realizing that he had not taken his name followed him and apprehended him again. The defendant refused to give his name at first and he was placed under arrest and taken to the police station. A blue suit jacket, a pair of black sunglasses and a torn brown paper bag containing the money taken from the bank were found in the area near the bank. The bag of money was found under some bushes where there were cockleburrs. The defendant had cockleburrs in his hair at the time of his apprehension. The defendant's 1958 Plymouth station wagon was found parked in the vicinity of the bank and was towed to the city pound. Later, during the afternoon of the arrest, the defendant was viewed by the witnesses in a police lineup. At the lineup the defendant, along with others, was required to wear the blue coat, the sunglasses and a handkerchief mask. He, as were the others, was also required to speak. In this condition he was identified as the bank robber by three of the bank employees and a customer of the

---

1. "(a) Whoever, * * * by intimidation, takes, * * * from the person or presence of another any * * * money * * * belonging to, or in the care, custody, control, management, or possession of, any bank, * * *

"Shall be fined not more than $5000 or imprisoned not more than twenty years, or both.

\* \* \* \* \*

"(f) As used in this section the term 'bank' means any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, and any bank the deposits of which are insured by the Federal Deposit Insurance Corporation."

bank. One bank employee was unable to identify him. The foregoing are the substantial pertinent facts as determined from an examination of the transcript of the evidence taken at the trial.

A motion was made on behalf of the defendant for the return to him of certain items of evidence in the possession of the prosecution. This motion specifically involved a pair of trousers taken by the officers on a search of the defendant's home and a piece of torn brown paper found in the defendant's automobile. There was no search warrant for either the home or the automobile. The trial judge conducted an oral hearing on the motion prior to the trial and the matter was submitted to him for decision. There is no order on record of a decision on this motion by the trial judge, although it is indicated in the transcript of the hearing that he sustained it on the authority of Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777. Neither the trousers, the torn brown paper, nor any other articles from the home or automobile were introduced into evidence.

During the trial Patrolman Henry Taylor, who had been sent to have the defendant's automobile towed to the city pound, testified, "We wrote up a tow-slip on it and towed the car to the city pound, and at the time I observed—I observed a piece of brown sack in the automobile." Counsel for defendant moved for a mistrial. The trial judge who had not heard the statement asked to have it repeated, which was done at the Bench out of hearing of the jury. The motion was denied and this ruling is assigned as reversible error on this appeal. The significance of this, as claimed by counsel, is that Officer Rhein, who testified immediately preceding Officer Taylor, identified the torn brown paper sack in which the money was found and it was introduced into evidence. Although this piece of paper was not introduced in-

to evidence, counsel claims that the exclusionary prohibition extends to indirect as well as direct products of the invasion of defendant's automobile without a search warrant. The cases [2] cited by counsel in support of this claim are not in point here. All of them involve observations made during an illegal entry.

Counsel for appellee relies on the recent case of Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730, to distinguish the search here from Preston v. United States, supra. He further relies on the harmless error rule. Rule 52(a) F.R.Cr.P. In Fahy v. State of Connecticut, 375 U.S. 85, 86, 84 S.Ct. 229, 230, 11 L.Ed.2d 171, the Court said, in reference to harmless error, "The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." More recently the Court said: "(T)hat before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." Chapman v. State of California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705.

In our view of the questionable evidence before us, we do not reach the harmless error rule nor do we attempt to apply the distinction between Preston v. United States and Cooper v. United States. The evidence shows that Officer Taylor was sent by his superior to have defendant's automobile towed to the city pound. The automobile was parked near the scene of the crime. It was obviously used to transport the defendant to the vicinity of the crime and was intended to be used as a means of escape. It was related to the crime and the police had a legal right to take it into custody. It was apparently searched when it was at the city pound. "We wrote up a tow-slip on it and towed the car to the city pound, and *at the time* I observed * * " (Emphasis added.) There is no evidence that Officer Taylor searched the

**2.** Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L. Ed. 319; Simpson v. United States, 346 F.2d 291 (C.A.10); Williams v. United States, 263 F.2d 487 (C.A.D.C.); McGinnis v. United States, 227 F.2d 598 (C.A. 1).

car or had anything to do with the search. We have held that what can be plainly seen from the outside of a car without a search is admissible in evidence. United States v. Williams, 314 F.2d 795 (C.A. 6); Lundberg v. Buchkoe, 338 F.2d 62 (C.A. 6), cert. den. 368 U.S. 983, 82 S.Ct. 635, 7 L.Ed.2d 546. See also Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726.

It is claimed that the defendant was denied his constitutional right in not being represented by counsel at the time of his arrest and throughout various stages of the proceedings. We do not find any evidence in the trial transcript or other proceedings that the defendant ever requested and was denied a lawyer. This question was not raised at the trial nor in the pre-trial proceeding. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, cited by counsel is not relevant to the facts of this case. The teaching of that case is that no statements or confession may be admitted into evidence if the defendant has requested and been denied counsel. No statements or confession were offered into evidence in this case.

The defendant was represented by counsel of his own choice as early as August 5, 1965. At this time Mr. Daniel T. Taylor, III, made a motion for reduction of bond. Mr. Taylor represented the defendant at the time of arraignment on the indictment on October 4th. He filed a motion for suppression of evidence before trial and competently represented the defendant throughout the trial. He advised him of his right to appeal and perfected the appeal by filing a notice of appeal. In his closing argument Mr. Taylor said: "He (Mr. Taylor) had his own personal belief in his heart about the goodness of the person that he has *known for months and months preparing his defense.*" (Emphasis added.)

■ On June 12, 1967, the Supreme Court decided in United States v. Wade, 388 U.S. 218, 87 S.Ct.1926, 18 L.Ed.2d 1149 and in Gilbert v. State of California, 388 U.S. 263, 87 S.Ct.1951, 18 L.Ed.2d 1178 that a "pretrial lineup at which the accused is exhibited to identifying witnesses is a critical stage of the criminal prosecution; that police conduct of such a lineup without notice to and in the absence of his counsel denies the accused his Sixth Amendment right to counsel and calls in question the admissibility at trial of the in-court identifications of the accused by witnesses who attended the lineup." Gilbert v. State of California, supra, 87 S.Ct. p. 1956. In Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, decided the same day, the Court held that the rule announced in *Wade* and *Gilbert* was not to be applied retroactively. By *Stovall* the only test to be applied here is whether the lineup was conducted so unfairly as to amount to a denial of due process of law. We do not find any evidence of such unfairness or any deviation in the conduct of this lineup from recognized practice prior to *Wade* and *Gilbert*. See our opinion in United States v. Ball, decided July 31, 1967, 6 Cir., 381 F.2d 702.

■■ We find no merit to the claim that the defendant's right to a speedy trial under the Sixth Amendment to the Constitution was violated. The Grand Jury did not meet from the time of the defendant's arrest on May 6th until September. The indictment was returned on September 27th. He was then arraigned on the indictment on October 4th. A hearing was had on a motion to suppress evidence and he was promptly tried thereafter on October 15th. In sentencing the defendant, the trial judge said: "I'm taking into consideration the fact that this defendant has been in jail since May the 13th, 1965." There is no evidence that any witnesses were unavailable or that he was prejudiced in any other way through this delay. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627; Bullock v. United States, 265 F.2d 683 (C.A. 6), cert. den. 360 U.S. 909, 79 S.Ct. 1294, 3 L.Ed. 1260, rehearing den. 361 U.S. 855, 80 S.Ct. 46, 4 L.Ed.2d 95. The passage of time in and of itself does not constitute denial of a speedy trial. Fouts v. United

States, 253 F.2d 215, 217 (C.A. 6). In the absence of prejudice even a seven-year delay between arrest and trial has been held not violative of a defendant's right to a speedy trial. United States v. Kaye, 251 F.2d 87 (C.A. 2), cert. den. 356 U.S. 919, 78 S.Ct. 702, 2 L.Ed.2d 714.

Judgment of the District Court is affirmed.