**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Burt Ronzy BEARD, Defendant-
Appellant.**

**No. 17383.**

United States Court of Appeals
Sixth Circuit.

July 25, 1967.

John M. Bullock, Court appointed, of Taft, Stettinius & Hollister, Cincinnati, Ohio, for appellant.

Ernest W. Rivers, U. S. Atty., Louisville, Ky., for appellee.

Before WEICK, Chief Judge, PECK, Circuit Judge, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

Burt Ronzy Beard, defendant-appellant, appeals from a judgment of conviction in the United States District Court for the Western District of Kentucky on

a two-count indictment charging him with bank robbery. Count one of the indictment charges that the defendant on or about April 17, 1964, by force, violence and intimidation took approximately $2543 from employees of the Liberty National Bank and Trust Company, Brownsboro and Clifton Branch, Louisville, Kentucky, the money being the property of the bank, an institution, the deposits of which were insured by Federal Deposit Insurance Corporation, in violation of Section 2113(a),[1] Title 18, U.S.C. Count two charges that the defendant while committing the offense described in count one of the indictment put in jeopardy the lives of Joy Reed and Don LeLaurin, in violation of Section 2113(d),[2] Title 18, U.S.C.

The defendant was tried before a jury and found guilty on both counts. He was sentenced to serve twenty years' imprisonment on the second count and the first count was dismissed. The defendant had previously been convicted in the same court in October, 1965, for robbing a branch of the First National Lincoln Bank of Louisville in May of 1965. He received a fifteen-year sentence in that case. The twenty-year sentence in the case now before us was to run concurrently with the fifteen-year sentence. In another opinion today we affirmed the conviction of the defendant for the robbery of the First National Lincoln Bank. United States of America v. Beard, 6 Cir., 381 F.2d 325.

As a result of the arrest in the First National Lincoln Bank robbery, the details of which are stated in our opinion in that case, the defendant was identified at a police lineup by employees of the Liberty National Bank as the one who robbed it in April, 1964.

The first assignment of error is that the defendant was denied the effective assistance of counsel from the date of his arrest on May 6, 1965, to the time of his arraignment on October 4, 1965. As in the First National Lincoln Bank case, this question was not raised in the proceedings or at the trial in the District Court. The defendant had counsel of his own choosing on August 5th when a motion was made to reduce bond. He was represented by this same counsel continuously until the arraignment on October 4th. There is nothing in the record to show that the defendant ever requested and was denied counsel between the date of his arrest and August 5th.

As we said in the First National Lincoln Bank case, the rule announced by the Supreme Court on June 12, 1967, in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and in Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, is not retroactive and therefore not applicable to the defendant's appearance before a lineup in this case. We find no evidence that the lineup was conducted so unfairly as to constitute a denial of due process of law.

There is no merit to the claim that the defendant was denied a speedy trial in violation of the Sixth Amendment. What we said in our opinion in the First

---

1. "(a) Whoever, by force and violence, or by intimidation, takes * * * from the person or presence of another any * * * money * * * belonging to, or in the care, custody, control, management, or possession of, any bank, * * *

"Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both."

2. "(d) Whoever, in committing, * * * any offense defined in subsections (a) * * * of this section, * * * puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years or both.

* * * * *

"(f) As used in this section the term 'bank' means any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, and any bank the deposits of which are insured by the Federal Deposit Insurance Corporation."

National Lincoln Bank case with reference to speedy trial is applicable here.

It is further claimed that the trial judge erred in admitting into evidence photographic exhibits numbered seven and eight. These photographs show the defendant wearing a hat, sun glasses and a long light colored raincoat. They were admitted without objection together with three lineup photographs, some Cam-Eye photographs and a photograph of the defendant in a dark shirt and light trousers.

■ At the trial the defendant was represented by Mr. Taylor, his privately engaged lawyer in the prior trial, and by Mr. Wesley Adams, a court appointed counsel. All of the photographs, including the two now in question were admitted without objection by either lawyer. Mr. Taylor requested permission to cross-examine Mr. Donalewski, the F.B.I. agent who identified the photographs and introduced them into evidence. He conducted an extensive cross-examination of the witness relative to the photographs. Reference was also made to the photographs in the cross-examination of the bank employees from whom the money was taken. Counsel for the defendant may have considered, as a matter of trial strategy, that it was beneficial to have the photographs before the jury as a basis of cross-examination. We find no error in the introduction of the two photographs in question. Certainly it is not such plain error as would come within Rule 52(b), F.R.Cr.P.

■■ We find no merit to the arguments in the defendant's pro se brief. To the extent that they are based on alleged facts not in the record they are not before the Court. Other arguments relate to the weight of the evidence. There was ample evidence to submit the case to the jury and we do not substitute our judgment for that of the jury.

The judgment of the District Court is affirmed.