**UNITED STATES of America,
Appellee,**

v.

**Frances Felicia STITH, Appellant.**

**No. 72–1621.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 10, 1973.

Decided April 27, 1973.

---

Ray H. Willlams, St. Louis, Mo., for appellant.

J. Patrick Glynn, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This is an appeal from the conviction of Frances Felicia Stith under a one count indictment charging her with embezzlement of funds from a federally insured bank in violation of 18 U.S.C. § 656. We affirm the judgment of conviction.

Miss Stith was a teller at the Citizens Bank of University City in St. Louis County, Missouri. On June 16, 1972, the bank discovered a shortage in her drawer of $260.00. She was relieved of her job at the time but offered no explanation of the shortage. On June 21, 1972, she was interviewed by an agent of the FBI after being advised of her rights and after having signed the usual waiver of rights form. During this interview, conducted at the bank, Miss Stith confessed to taking the $260.00. The confession was later used at the trial. Miss Stith testified in her own behalf and denied taking the money, although she admitted signing the confession and the waiver of rights form.

On this appeal counsel for Miss Stith has raised the following issues:

1. Defendant was denied a preliminary hearing before a magistrate and thus was denied the right to discover the case against her at an early time prior to trial.

2. The indictment upon which Miss Stith was tried was based "solely upon illegal and incompetent evidence."

3. The indictment was "materially" changed by the Government without resubmitting it to the grand jury.

4. The confession was involuntary because of failure to give the proper Miranda warnings.

5. Failure of the trial court to grant the request of the defendant for transcripts of testimony of two witnesses who testified at the hearing on the motion to suppress was error and prejudicial to the defendant.

6. That the trial court erred in limiting defense counsel in the voir dire examination of the jury panel.

7. That the trial court erred in admitting into evidence the FDIC certificate issued to the bank several years prior to the embezzlement, together with checks to FDIC dated January 26, 1972, and July 26, 1972, to prove that the bank was a member of FDIC on June 15, 1972.

 We have carefully examined each of the alleged errors and find them to be completely without merit and we will limit our comments to points 1, 3, and 4.

██ The preliminary hearing was scheduled for Miss Stith for July 3, 1972. At that time the hearing was continued until July 12, 1972, over the objection of counsel for defendant. On July 10, 1972, Miss Stith was indicted by a federal grand jury and the scheduled preliminary hearing was never held.

This Court rejected the argument advanced by appellant relating to the preliminary hearing, in Spinelli v. United States, 382 F.2d 871, 887 (8th Cir. 1967), rev'd on other grounds, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 637 (1969), when the Court stated as follows:

Though the preliminary hearing provided for in Rule 5(c) may be a practical tool for discovery by the accused, the only legal justification for its existence is to protect innocent accuseds from languishing in jail on totally baseless accusations. Therefore, before the accused may be held for grand

jury presentment Rule 5(c) requires the government to justify its incarceration by proving in a preliminary hearing before a judicial officer that there is probable cause to believe the accused committed the charged offense. Barrett v. United States, 270 F.2d 772, 775 (8 Cir. 1959). *If the grand jury returns a true bill prior to the time a preliminary hearing is held, the whole purpose and justification of the preliminary hearing has been satisfied.* . . .

In the same light, we do not see anything inherently inequitable with continuing a preliminary hearing for a short period of time to allow intervening grand jury action. *Though appellant might well have enjoyed the discovery benefits that flow from a preliminary hearing, he has no absolute right to these benefits if the underlying purpose of the preliminary hearing is supplanted.* (Emphasis supplied.)

█ The argument that the Government "materially changed" the indictment prior to trial is without substance. The only change made was one which showed the bank to be in St. Louis County rather than the City of St. Louis No possible prejudice could have resulted to the defendant by making this change since there was no doubt as to which bank was the victim of the embezzlement. This change was certainly a matter of form rather than substance and comes within the exception to the rule as set forth in Russell v. United States, 369 U. S. 749, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).

█ Counsel for Stith claims that the Miranda warnings were insufficient because, according to Miss Stith, the FBI agent failed to advise her that she was entitled to have a lawyer present at the interrogation, even though she could not afford to retain one, but instead told her a lawyer would be appointed in the event of prosecution by a U. S. Magistrate. The FBI agent testified and the trial court found that Miss Stith read the form and signed it, and that it was read to her by the agent. The printed form signed by Miss Stith and read to her by the agent met the requirements of the Miranda decision. She was an intelligent person with three years of college, and the trial court properly found that she made an intelligent and knowing waiver of her right to counsel and of her right to remain silent at the interrogation.

The judgment of conviction is affirmed.