**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Anthony LaBORDE, Defendant-Appellee.**

**No. 73-1574.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 11, 1974.

Decided April 16, 1974.

Gordon S. Gold, Asst. U. S. Atty., for plaintiff-appellant; Ralph B. Guy, Jr., U. S. Atty., Gordon S. Gold, Asst. U. S. Atty., Detroit, Mich., on brief.

William B. Daniel (court appointed), Detroit, Mich., for defendant-appellee.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and CONTIE, District Judge.[*]

PER CURIAM.

On August 17, 1971 defendant-appellee was indicted on two counts by a federal grand jury in the Eastern District of Michigan, Southern Division. Count One charged defendant-appellee with possessing a hand grenade that was not registered to him, as required by law, and Count Two charged defendant-appellee with harboring a fugitive. The day previously, August 16, 1971, defendant-appellee had been indicted in Queens County, New York on charges of grand larceny and armed robbery.

On December 6, 1971, defendant-appellee pled guilty in a Michigan State Court to a separate crime of attempting to conceal a weapon and received a sentence of from one to two and one-half years in prison.

On September 1, 1971, a District Judge of the Eastern District of Michigan signed an Order for Limited Release to the New York State authorities, ordering the release of defendant-appellee to New York authorities for the purpose of standing trial on the New York

---

[*] The Honorable Leroy J. Contie, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

charges. On December 30, 1971, defendant-appellee's federal case was transferred to another District Judge. On January 19, 1972, the District Judge signed an Order of Release to the Michigan State authorities. Custody of defendant-appellee was thereby surrendered for the purpose of his serving the sentence imposed for attempting to conceal a weapon.

On January 26, 1972, defendant-appellee was sent to Queens County, New York, and on March 15, 1972, pled guilty to the crime of robbery, third degree. On May 24, 1972, he was sentenced to three years, said sentence to run concurrently with the sentence imposed by the Michigan State Court. On July 10, 1972, defendant-appellee was returned to Michigan authorities.

On August 22, 1972, defendant-appellee filed a motion to dismiss the federal indictment pending against him asserting the lack of a speedy trial. Oral arguments were heard on this motion on March 5, 1973. Further oral arguments were heard on April 19, 1973, and on April 24, 1973 the District Judge entered an Order dismissing the indictment for lack of a speedy trial. In so dismissing the indictment the District Judge cited as his reason the court's inability to grant the defendant-appellee a speedy trial because of his congested docket. Further, reference was made to the denial, by the Board of Parole of defendant-appellee's request for parole. It was asserted, although the record shows no specific determination made, that said denial was the possible and/or probable result of the fact that defendant-appellee had the District Court's federal charge pending against him.

The issue for us to determine is whether the District Court abused its discretion in dismissing the indictment pursuant to the authority of Rule 48(b) of the Federal Rules of Criminal Procedure. This requires consideration of the guidelines adopted by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, and other pertinent decisions.

In the *Barker* case, the Supreme Court, after determining that the deprivation of the right to speedy trial does not prejudice an accused's ability to defend himself *per se*, established a balancing test to be used to determine if and when such right is denied.

A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right . . . (W)e identify four such factors: Length of delay, the reason for delay, the defendant's assertion of his right, and prejudice to the defendant. Barker v. Wingo, *supra* at 530, 92 S. Ct. at 2192.

■ In the instant case, defendant-appellee was not brought to trial for 21 months. We find that such a time period alone does not require the dismissal of the indictment.

The passage of time in and of itself does not constitute denial of a speedy trial. United States v. Beard, 381 F. 2d 325, 328 (C.A.6 1967).

See also United States v. Stribling, 469 F.2d 443 (C.A.6 1972), cert. den. 410 U. S. 957, 93 S.Ct. 1432, 35 L.Ed.2d 691.

■ Turning back to the *Barker* test the next criterion to be considered is the reason for the delay. The District Court, in granting the defendant-appellee's motion, stated in relation to the delay that " . . . I think it is the fault of the Court". Oral Decision of the District Court, April 19, 1973. In *Barker,* the Court stated that:

Closely related to length of delay is the reason to justify the delay. Here, too, different weights should be assigned to different reasons. A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the government. A more neutral reason such as the negligence of overcrowded courts should be weighed less heavily. Bar-

968

ker v. Wingo, *supra* 407 U.S. at 531, 92 S.Ct. at 2192.

Thus, since the reason for the delay is the "more neutral reason" of an overcrowded docket, the weight to be attached to the delay is minimal. We further consider that the defendant-appellee was outside the jurisdiction of the Michigan District Court from January 26, 1973 to July 10, 1973. Both of these facts, taken together lead us to the conclusion that the court created delay of 21 months in the instant case did not abridge defendant-appellee's constitutional right to a speedy trial.

■ Defendant-appellee asserts that he made a timely demand for a speedy trial and that the delay of nine months from the time of said demand to the trial date infringed his constitutional right. However, similar demands have been turned down by other courts. United States v. Schwartz, 464 F.2d 499 (C.A.2 1972), cert. den. 409 U.S. 1009, 93 S.Ct. 443, 34 L.Ed.2d 302; United States v. Altro, 358 F.Supp. 1034 (E.D. N.Y.1973); United States v. Dornau, 356 F.Supp. 1091 (S.D.N.Y.1973).

In the *Schwartz* case the court therein specifically stated that:

. . . We conclude that the 9-month delay between the demand and the commencement of the trial in March, 1971, is not of sixth amendment proportions. United States v. Schwartz, *supra*, 464 F.2d at 505.

Upon review of the facts in the instant action we are convinced that a like conclusion must be drawn.

Turning to the remaining test of *Barker*, it must be determined what prejudice, if any, inured to defendant-appellee. In *Barker*, the Supreme Court established three sub-divisions to this inquiry:

Prejudice, of course, should be assessed in the light of the interests of the defendants, which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused;

and (iii) to limit the possibility the defense will be impaired. Of these, the most serious is the last . . . Barker v. Wingo, *supra*, 407 U.S. at 532, 92 S.Ct. at 2193.

■ As related to prevention of oppressive pre-trial incarceration, defendant-appellee's sole argument rests upon the fact that no resolution of any charges against him resulted until four months after his arrest. As of December 6, 1971, defendant-appellee had been sentenced to one to two and one-half years by a Michigan State Court. We conclude that a four month delay, without a demand for trial or a specific showing of prejudice is not of constitutional dimensions.

■ Incarceration after this point in time could have had no prejudicial effect save defendant-appellee's argument that he was denied parole because of the pending federal charge. This court notes, however, that defendant-appellee was, at the time of his parole hearing, serving concurrent time for a felony conviction in New York. We therefore conclude that defendant-appellee's argument that he suffered prejudice as the result of the pending federal charge is highly speculative. Such prejudice, if any, is deserving of little weight in the balancing process to determine a constitutional violation of a person's right to a speedy trial. See United States v. Cabral, 475 F.2d 715 (C.A.1 1973); McCrory v. Cook, 329 F.Supp. 83 (N.D. Miss.1971), aff'd. 454 F.2d 1173 (C.A.5 1972).

As to the anxiety and concern of defendant-appellee over his pending federal indictment, the record is devoid of any reference to such factors.

While at least some such adverse effects would appear inherent in every trial delay, where . . . there has been no allegation or evidence of any inconvenience, public embarrassment or manifestation of prejudice the overall adverse effect can be assumed to be insubstantial. United States v. Daley, 454 F.2d 505 (C.A.1 1972) at 509.

Turning finally to whether the delay caused any prejudice to the defendant-appellee's defense, the record is again void as to any facts which could be so construed. Conversely, due to the factual basis of the charge, any prejudice which results from the delay may well fall upon the government. As such, this factor also bears little weight, if any, on the balancing process.

■ Having thus fully analyzed the facts of the case before us, and having applied the balancing tests imposed by the *Barker* decision, we conclude that the District Court erred in dismissing the indictment against defendant-appellee. While this court· can empathize with the District Courts and their heavy case loads, the tests of *Barker* must nevertheless be applied. We find that after applying these tests none of the balancing factors support the District Court's decision. We must, therefore, conclude that the District Court abused its discretion in dismissing the indictment against defendant-appellee.

The judgment of the District Court is hereby reversed and the case is remanded for the prompt trial of defendant-appellee.