UNITED STATES of America,
Plaintiff-Appellee,

v.

James GIBSON, Defendant-Appellant.

No. 74–1287.

United States Court of Appeals,
Sixth Circuit.

April 16, 1975.

Leo Papp (Court Appointed-CJA), Detroit, Mich., for appellant.

Ralph B. Guy, Jr., U. S. Atty., J. Brian McCormick, Asst. U. S. Atty., Detroit, Mich., for appellee.

Before WEICK, McCREE and ENGEL, Circuit Judges.

PER CURIAM.

Appellant James Gibson was convicted by a jury of possession of a stolen United States Treasury check, in violation of 18 U.S.C. § 1708, and aiding and abetting in the uttering and publishing of a check with the intent to defraud the United States, in violation of 18 U.S.C. § 495. Appellant was acquitted on a third charge of unlawful forgery of a United States Treasury check.

The government charged that on or about June 5, 1971, Gibson and an accomplice, Kenneth Smith, entered Andres' Clothiers in Detroit, selected clothing, and presented a check for $651.00 to the store clerk in payment thereof. Kenneth Smith, the prosecution's main witness, testified that he forged the name of Webster McIntosh, Jr. on the check and that Gibson endorsed the check as forged. Smith further testified that he and Gibson, accompanied by Gibson's wife, had earlier in the day unsuccessfully attempted to cash the same check at the Farmer Street branch of Bank of the Commonwealth in Detroit. Two bank employees testified that Gibson was present in the bank on the date in question, along with Smith.

Gibson took the stand in his own defense. He admitted to having signed the check, but denied having knowledge that it was made out to anyone other than Smith. He claimed to have endorsed the check when it was blank and denied any knowledge of the forgery. He further denied having been present at the bank on the date in question.

Gibson raises five issues on this appeal. He first claims that the indictment was insufficient to apprise him of the charges made against him. Specifically, he charges that the indictment failed to inform him that the government would introduce evidence regarding the attempted forgery at the bank. We find no merit in this contention. We note that no pretrial objection to the sufficiency of the indictment was made in accordance with Rule 12(b)(2) of the Federal Rules of Criminal Procedure, nor was any request made for a Bill of Particulars, pursuant to Rule 7(f), Federal Rules of Criminal Procedure. An indictment will be construed liberally in favor of its sufficiency where objection to it is first made after verdict or judgment. United States v. Norman, 391 F.2d 212 (6th Cir. 1968). We conclude that the indictment here sufficiently informed the defendant of the charges against him and the elements of the offenses charged, including the place where the crime was alleged to have been committed. Defendant cannot complain because the indictment failed to inform him of the evidence the government introduced at trial in support of a validly drawn indictment.

Appellant's second claim is that the pretrial conference was "improper". Rule 17.1 of the Federal Rules of Criminal Procedure authorizes such confer-

ences for the court "to consider such matters as will promote a fair and expeditious trial". The rule neither requires that such a conference must be held, nor does it provide that the conference be used for the exchange of evidence between the government and the prosecution. We note that the transcript of the conference reveals no objection by Gibson's counsel as to the manner in which it was conducted. We find no merit in appellant's contention on this point.

■ Gibson's third contention involves a limitation upon defense counsel's remarks during his closing argument. Counsel attempted to argue before the jury that had Gibson really been present at the bank on the date in question, the government would have introduced the film from the surveillance cameras to show that he had been there. Judge Thornton ruled that since there had been no evidence introduced to support the assertion that there was even any surveillance camera operative in the bank at that time, the argument was improper. We agree. Counsel may not base his closing argument on evidence not in the record. Graham v. United States, 257 F.2d 724 (6th Cir. 1958), Johnson v. United States, 121 U.S.App. D.C. 19, 347 F.2d 803 (1965). Accordingly, appellant's contention must be rejected.

■ Gibson's fourth contention is based upon the refusal of the district judge to grant his post-trial motion for discovery. Appellant contends that he was surprised by the testimony of bank employees that he was in the bank on the date in question. He argues that the film in the security cameras, if produced, would show that he was never in the bank on that date.

We note that under Rule 16(f) of the Federal Rules of Criminal Procedure motions for discovery may be made only within ten days after arraignment or at such reasonable later time as the court may permit. Here defendant made no motion for discovery until after the trial had been completed. Defendant claims

this delay was caused because he had no knowledge that the government would use the testimony of the two bank employees to place him at the bank on the date in question. However, this does not explain why the motion was not made until subsequent to the verdict in the trial. We hold the district court did not err in refusing defendant's motion for discovery made at such a late date. United States v. Conder, 423 F.2d 904 (6th Cir. 1970), Farnell v. Solicitor-General of the United States, 429 F.2d 1318 (5th Cir. 1970), United States v. Kessler, 253 F.2d 290 (2nd Cir. 1958).

Gibson's final and most serious contention is that he was denied his right to a speedy trial guaranteed by the Sixth Amendment because of the twenty-three month delay between the date of his arrest in June, 1971 and his trial in May, 1973. His first demand to be brought to trial was made on April 2, 1973. He was brought to trial one month later.

Our assessment of appellant's claim is governed by the considerations outlined by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and by this court's application of those considerations in United States v. LaBorde, 496 F.2d 965 (6th Cir. 1974). In *Barker*, the Supreme Court rejected any inflexible or per se approach in the analysis of whether a defendant's right to speedy trial had been violated in a given case. Rather, the Court adopted a balancing test which requires that courts analyze the speedy trial claim on an *ad hoc* basis:

A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right . . . (W)e identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. Barker v. Wingo, *supra*, 407 U.S. at 530, 92 S.Ct. at 2192.

■ Nowhere in the record or in either party's brief on this appeal is the

reason for the twenty-three month delay in bringing Gibson to trial precisely articulated. Gibson has made no allegation that the delay was a deliberate attempt by the government to hamper his defense. The government in its brief suggests the delay was due to an overcrowded court docket, a "more neutral reason" in the language of *Barker.* 407 U.S. at 531, 92 S.Ct. 2182. While this reason for delay will not be weighted nearly as heavily against the government as a deliberate delay to gain a tactical advantage at trial, it is still a factor to consider since responsibility for such circumstances rests with the government rather than defendant. However, the weight to be attached to delay because of an overcrowded docket is "minimal," U. S. v. LaBorde, *supra,* 496 F.2d at 968.

■ Of the three types of possible prejudice identified by the Supreme Court in *Barker,*[1] only that of the possible impairment of his defense is asserted here. Gibson was not incarcerated prior to trial and has not claimed the delay caused him increased anxiety.

■ Appellant claims that his defense in the case was prejudiced by the delay because he could not locate certain witnesses who were to testify in his behalf at trial. A review of the record here indicates that counsel for Gibson specifically mentioned only one such witness, Mr. Cannon, while making his motion for dismissal of the indictment based on the government's failure to bring Gibson to trial.

Appellant never alleged how Cannon's testimony would have aided his defense. Neither does it appear that it would have been impossible for Gibson to have located Cannon had he considered the testimony crucial. Cannon's correct address was known to defendant. Cannon simply was not home at the time the marshal attempted to serve the subpoe-na. This could as easily have happened after a one month delay. It cannot fairly be said that this circumstance "skews the fairness of the entire system". Barker v. Wingo, 407 U.S. 514, 532, 92 S.Ct. 2182, 2193 (1972).

■ The Supreme Court in *Barker,* while rejecting any inflexible rule that failure to assert the right to speedy trial constitutes a waiver of that right, nevertheless indicated that this factor may be crucial in the absence of other extraordinary factors. In *Barker,* after the defendant's trial date had been set, the government sought and obtained twelve continuances spanning a three and one-half year period without objection by defendant. The Supreme Court, in commenting on Barker's failure to object to the continuances, stated:

> We do not hold that there may never be a situation in which an indictment may be dismissed on speedy trial grounds where the defendant has failed to object to continuances. There may be a situation in which the defendant was represented by incompetent counsel, was severely prejudiced, or even cases in which the continuances were granted *ex parte.* But barring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied this constitutional right on a record that strongly indicates, as does this one, that the defendant did not want a speedy trial. We hold, therefore, that Barker was not deprived of his due process right to a speedy trial. 407 U.S. at 536, 92 S.Ct. at 2195.

■ We, likewise, consider appellant's failure to assert his right to a speedy trial as controlling here. Gibson had counsel appointed for him in July 1971. The only reason suggested by appellant for his failure to demand a speedy trial is the assertion by his coun-

---

1. A fourth factor is prejudice to the defendant. Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pre-trial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. (Footnote omitted) 407 U.S. at 532, 92 S.Ct. at 2193.

sel that he had understood from conversations with the United States Attorney that the government might drop charges against Gibson and proceed only against his co-defendant, Kenneth Smith. Like the defendant Barker in Barker v. Wingo, *supra,* Gibson gambled and failed.

Gibson knew charges were pending against him and yet he went for twenty-two months without making demand that he be brought to trial on those charges. A trial date was quickly furnished when finally it was demanded. There is no claim that counsel was incompetent, nor any showing that Gibson was severely prejudiced by the delay. We, therefore, hold that Gibson was not deprived of his Sixth Amendment right to a speedy trial.

Judgment affirmed.