**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Marvin MULLIGAN and Melvin Markowitz, Defendants-Appellants.**

No. 74–1765.

United States Court of Appeals,
Sixth Circuit.

Aug. 1, 1975.

James Thomas, Richard S. Walinski, Hayward, Cooper, Straub, Walinski, Cramer & Co., LPA, Toledo, Ohio, for defendants-appellants.

Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., Ivan Michael Schaeffer, Shirley Baccus-Lobel, Washington, D. C., Appellate Section, Crim. Div., U. S. Dept. of Justice, for plaintiff-appellee.

Before LIVELY, Circuit Judge, ENGEL, Circuit Judge and MILES *, District Judge.

PER CURIAM.

This is an appeal by habeas corpus petitioners from the District Court's denial of their application.

Appellants were convicted in the same District Court now appealed from in this action in March, 1974 of the offense of transporting a stolen treasury bill in interstate commerce, knowing the same to have been stolen or taken by fraud.[1] The security in question had a maturation value of One Hundred Thousand Dollars ($100,000.00) and was one of three thousand bills taken in a theft in New York City from the Morgan Guaranty Trust Company of New York between the dates of the 16th and 20th of October, 1969.

On February 20, 1970, appellants were arrested on a complaint filed in the Southern District of New York and brought before the United States Magistrate for arraignment in the United States District Court for the Southern District of Texas. Motion for an immediate hearing relative to probable cause was denied and February 27, 1970 was set as the date for preliminary examination. Thereafter, upon motion of the government, and over appellants' attorney's objections, the hearing date was continued until March 3, 1970.

On March 3, the New York complaint was dismissed on the government's motion, a grand jury indictment for the same offense having been returned that

---

* The Honorable Wendell A. Miles, Judge, United States District Court for the Western District of Michigan, sitting by designation.

1. 18 U.S.C. § 2314.

day in the Eastern District of Michigan. Bail was reduced on March 4, 1970, and petitioners were released from custody.

Following arraignments of appellants (one on March 23 and the other on March 30, 1970) on Michigan Indictment No. 44727, the government filed a superseding indictment (Michigan No. 4500) on May 28, 1970. The government's motion to dismiss indictment No. 44727 was granted on August 4, 1970. Proceeding under the superseding indictment, trial commenced on March 21, 1972. Appellants' subsequent conviction by a jury was appealed and affirmed in all respects in a decision (ORDER) by this Court. *Mulligan v. United States*, 473 F.2d 912, *cert. den.* 414 U.S. 825, 94 S.Ct. 128, 38 L.Ed.2d 58, *reh. den.* 414 U.S. 1087, 94 S.Ct. 610, 38 L.Ed.2d 493.

Appellants presently attack the trial court's denial of their Petition for a Writ of Habeas Corpus (28 U.S.C. § 2255) on three grounds: (1) an instruction of the trial court; (2) the alleged refusal of the Texas magistrate to provide them with a hearing on probable cause on the New York complaint upon which they were first arrested; and (3) the time interval between their original arrest and ultimate conviction.

## THE INSTRUCTION

Appellants attack the instruction of the trial court in this proceeding as it related to what inferences may be drawn by a jury by the possession of recently stolen property. The complete instruction by the trial court as it relates to inferences from such possession was before this Court in appellants' direct appeal (473 F.2d 912) and was attacked in briefs filed by their counsel. This Court is unpersuaded by additional claims of appellants that prejudicial error was committed by the trial court in such instructions. *Mulligan v. United States, supra* ; *Stephan v. United States*, 496 F.2d 527 (CA 6 1974); *Van Buskirk v. United States*, 343 F.2d 158 (CA 6 1965).

## THE MAGISTRATE'S CONTINUANCE OF PRELIMINARY HEARING

Appellants' second contention is that the U.S. Magistrate's denial of a hearing pursuant to probable cause under Fed.R.Crim.P. 5(c) operated to effectively deny them of their Sixth Amendment right to confront all of the witnesses against them at a critical stage of the proceedings. It is apparent that the thrust of appellants' objection is directed at their inability to cross-examine a key government witness prior to trial.[2]

The charge for which appellants were ultimately convicted and upon which this petition is predicated was based on a finding of probable cause through a grand jury indictment (No. 4500). Action by the grand jury in returning the indictment brought formal charges against the accused and thus superseded the complaint procedure and eliminated the necessity of a preliminary hearing. *Jaben v. United States*, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965); *Spinelli v. United States*, 382 F.2d 871, 887 (CA 8 1967), *rev'd on other grounds*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). If the grand jury returns a true bill prior to the time a preliminary hearing is held, the whole purpose and justification of the preliminary hearing has been satisfied. *Vincent v. United States*, 337 F.2d 891 (CA 8 1964), *cert. den.* 380 U.S. 988, 85 S.Ct. 1363, 14 L.Ed.2d 281. In *United States v. Luxenberg*, 374 F.2d 241 (CA 6 1967), this Court rejected petitioner's contention that he was denied due process of law because an indictment was returned against him without first being granted a preliminary examination as required by Rule 5 of the Fed.R. Crim.P.

"This court has repeatedly held that there is no denial of due process where a person is indicted by the Grand Jury without having a preliminary examination. There is no constitutional requirement for such an examination. *United States v. Smith*, 343 F.2d 847

---

**2.** Cardenas, the key government witness against defendants was called by the government as a witness at trial and was subjected

to no less than 120 pages of cross and re-cross examination.

[6 Cir.], cert. den. 382 U.S. 824, 86 S.Ct. 55, 15 L.Ed.2d 69; *Dillard v. Bomar*, 342 F.2d 789 [6 Cir.], cert. den. 382 U.S. 883, 86 S.Ct. 176, 15 L.Ed.2d 123; *United States v. Shields*, 291 F.2d 798 [6 Cir.], cert. den. 368 U.S. 933, 82 S.Ct. 371, 7 L.Ed.2d 196, rehearing den. 368 U.S. 962, 82 S.Ct. 401, 7 L.Ed.2d 393; *Boone v. United States*, 280 F.2d 911 (C.A. 6). See also *United States ex rel. Kassin v. Mulligan*, 295 U.S. 396, 55 S.Ct. 781, 79 L.Ed. 1501; *Goldsby v. United States*, 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343." P. 248.

Appellants additionally argue, however, that under Fed.R.Crim.P. 5(c) at that time Commissioners were under a directive to "hear the evidence within a reasonable time," and that granting continuances for the purpose of obtaining an indictment under similar charges in Michigan is contrary to the rule.[3] Rule 5(c), Fed.R.Crim.P. serves as a complement to the constitutionally necessary grand jury system. Although the preliminary hearing provided for in Rule 5(c) may be a practical tool for discovery by the accused, the only legal justification for its existence is to protect innocent persons from languishing in jail on totally baseless accusations.

Appellants' first request for an immediate hearing was denied on February 20, 1970, with the hearing set for one week later. On February 27, 1970, the government requested and obtained a second continuance for a week over appellants' objection. The Michigan indictment was returned on March 3, 1970 and the New York complaint was thereupon dismissed which eliminated any need for the preliminary hearing. See *Byrnes v. United States*, 327 F.2d 825, 834 (CA 8 1964), *cert. den.* 377 U.S. 970, 84 S.Ct. 1652, 12 L.Ed.2d 739, citing *Boone v. United States*, 280 F.2d 911 (CA 6 1960).

Appellants' contention, while new to this circuit, has been confronted in several other circuits. *Byrnes v. United States, supra*; *United States v. Stith*, 479 F.2d 315 (CA 8 1973), *cert. den.* 414 U.S. 845, 94 S.Ct. 107, 38 L.Ed.2d 83; *Spinelli v. United States*, 382 F.2d 871, 887 (CA 8 1967), *rev'd on other grounds*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

In *Spinelli v. United States, supra*, appellant argued that while the Commissioner has authority to grant continuances, the granting of a continuance for the purpose of providing time to obtain an indictment is contrary to the spirit of the rules. Citing *Byrnes v. United States, supra*, the Court rejected the claim, absent a showing of legal prejudice. The *Spinelli* Court observed at 382 F.2d 887:

". . . [w]e do not see anything inherently inequitable with continuing a preliminary hearing for a short period of time to allow intervening grand jury action. Though appellant might well have enjoyed the discovery benefits that flow from a preliminary hearing, he has no absolute right to these benefits if the underlying purpose of the preliminary hearing is supplanted."

See also *United States v. Stith, supra*, 479 F.2d at 317.

Moreover, the indictment to which the appellants eventually were required to respond to was that of the Eastern Michigan District, the original Complaint upon which they were held having been filed on another charge in the Southern District of New York.

We find no legal prejudice to appellants as they address their grievance to the failure of the government to provide them with an opportunity of confrontation with a key witness in the New York Complaint.

---

**3.** Under more recent amendments to Fed.R.Crim.P. 5(c) such delay would have been foreclosed to the ·Commissioner. Rule 5(c), as amended April 24, 1972 added provisions that a defendant is entitled to a preliminary examination, unless waived, when charged with any offense, other than a petty offense, which is to be tried by a judge of the district court, and that the preliminary hearing be scheduled not later than 10 days following the initial appearance if the defendant is in custody and no later than 20 days if not in custody, with allowances for the extension of time.

## APPELLANTS' CLAIM OF ABSENCE OF SPEEDY TRIAL

Appellants' final contention is that they were denied their right to a speedy trial by reason of a twenty-five month interval between the date of their arrest in February of 1970 and their trial in March of 1972.

Assessment of appellants' claim requires consideration of the guidelines adopted by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and by this Court's application of those considerations in *United States v. LaBorde*, 496 F.2d 965 (CA 6 1974); *United States v. Gibson*, 513 F.2d 978 (CA 6 1975) (decided and filed 4/16/75).

■ In *Barker*, the Supreme Court, after determining that the deprivation of the right to a speedy trial does not prejudice an accused's ability to defend himself *per se*,[4] adopted a balancing test to determine when and if such right is denied.

> "A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right . . [w]e identify four such factors: Length of delay, the reason for delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo, supra* at 530, 92 S.Ct. at 2192.

■ Appellants in the instant case at bench were not brought to trial for 25 months. Such a delay is "presumptively prejudicial" necessitating an inquiry into an application of the balancing test. This time period alone, however, does not require the dismissal of the indictment. *United States v. Beard*, 381 F.2d 325, 328 (CA 6 1967); *United States v. Stribling*, 469 F.2d 443 (CA 6 1972), *cert. den.* 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed.2d 691; *United States v. LaBorde*, 496 F.2d 965, 967 (CA 6 1974).

Nowhere in the record or in either party's brief on appeal is there reflected the reason for the twenty-five month delay in bringing Mulligan and Markowitz to trial. The only delay in the case arguably attributable to the government is the period from February 20, 1970 to May 28, 1970—the period from arrest to filing of the superseding indictment. Appellants, while charging that this manuevering indicated the government's attorney's inability to make up their minds relative to the instant prosecution, makes no allegation that the delay was a deliberate attempt by the government to hamper their defense.

The government, in its brief, suggests that the delay in part was due to the numerous motions which were filed by appellants[5] and the time it took the Court in deciding them. Indeed, the record reveals that a substantial period of the interval from arrest to trial was consumed by the District Court in deciding the eleven motions of appellants before it.

As stated by Mr. Justice Brennan in *Dickey v. Florida*, 398 U.S. 30, 48, 90 S.Ct. 1564, 1574, 26 L.Ed.2d 26:

> "A defendant may be disentitled to the speedy-trial safeguard in the case of a delay for which he has, or shares, responsibility. It has been held, for example, that an accused cannot sus-

---

4. The Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 521, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101 noted:

> ". . . [U]nlike the right to counsel or the right to be free from compelled self-incrimination, deprivation of the right to speedy trial does not *per se* prejudice the accused's ability to defend himself."

5. Appellants themselves labeling their pre-trial motions as "numerous" in their brief on direct appeal, filed motions including a Motion for Discovery and Inspection; Motion to Suppress Evidence; Motion for Bill of Particulars; Motion to Dismiss the Indictment; Motion in Limine; Motion for Issuance of Subpoena Duces Tecum; and Motion for Relief from Prejudicial Joinder. Appellant, Marvin Mulligan, filed a Motion to Dismiss; Motion for Discovery and Inspection; Motion for Bill of Particulars; and Motion for an Order Permitting the Defendant, Mulligan, to take the Oral Deposition of one Steward C. Joiner.

tain a speedy-trial claim when delay results from . . . making dilatory pleadings or motions, failing to object when a continuance is granted the government . . ."

■ To the extent that delay may be attributable to the complexity of the case, tolerance may be shown. *Barker*, 407 U.S. at 531, 92 S.Ct. 2182. The further suggestion by both parties that the delay was due to the trial court's overcrowded docket, a more neutral reason, while considered, is attached minimal weight, *United States v. LaBorde*, 496 F.2d at 968.

■ At no time, either prior to trial nor on the direct appeal to this Court in 473 F.2d 912, was any demand or complaint of lack of speedy trial asserted. This fact, coupled with the complexity of the joint trial and the overcrowded docket, leads us to the conclusion that any court-created delay did not abridge defendants-appellants' constitutional right to a speedy trial.

In *Dickey v. Florida, supra* (1969), at p. 48, 90 S.Ct. at p. 1574, the Supreme Court, speaking. by Justice Brennan, identified "at least three basic factors in judging the reasonableness of a particular delay: the source of the delay, the reasons for it, and whether the delay prejudiced interests protected . . ."

In *Barker v. Wingo, supra* (1971) at p. 530, 92 S.Ct. at p. 2192, the Supreme Court, speaking through Mr. Justice Powell expressed it:

"Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."

The fourth factor listed above is further particularized as to the character of prejudice as follows:

"A fourth factor is prejudice to the defendant. Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three

such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." 407 U.S. at 532, 92 S.Ct. at 2193.

It should be observed that appellants' allegations as to prejudice are but recitational and generalized in character and do not set forth law or in what manner they were in fact limited or handicapped by the interval of time. They do not properly set forth what problems existed at trial or in preparation for trial with "increased anxiety" or "difficult recall." Appellants were incarcerated less than two weeks during the total period of over two years, (February 20 to March 4, 1970 on the New York warrant) and they totally fail to demonstrate in what manner such brief period handicapped them.

Justice White, concurring in *Barker*, 407 U.S. at 537, 92 S.Ct. at 2195, noted factors similar in type to those claimed by appellants as having caused anxiety, and observed:

"These factors are more serious for some than for others, but they are inevitably present in every case to some extent, for every defendant will either be incarcerated pending trial or on bail subject to substantial restrictions on his liberty. It is also true that many defendants will believe that time is on their side and will prefer to suffer whatever disadvantages delay may entail."

■ Appellants' failure to assert their right to a speedy trial, not only during pre-trial motions but on direct appeal, is given strong evidentiary weight in determining whether they were deprived of the right. *Barker*, 407 U.S. at 531–532, 92 S.Ct. 2182. Certainly the more serious the deprivation, whether it be increased anxiety through societal pressures or the more serious interference with appellants' ability to adequately prepare his case, the more likely a complaint will be made.

While appellants assert that defense witnesses' memory *may* have been im-

paired, nowhere do they cite specific examples of impaired memory nor does an examination of the record reveal any. Further, there is no claim that any of the appellants' witnesses died or otherwise became unavailable owing to the interval from indictment to trial. No question is raised as to the competency of defense counsel. This Court is aware that delay is not an uncommon defense tactic. *United States v. LaBorde*, 496 F.2d 965; *United States v. Gibson, supra.* Memories are just as likely to fade for prosecution witnesses, and it is the prosecution which carries the burden of proof.

■ Having fully analyzed the facts of the case before us and applied the balancing tests imposed by the *Barker* decision, we conclude that petitioners Mulligan and Markowitz were not deprived of their Sixth Amendment right to a speedy trial.

Judgment affirmed.