**UNITED STATES of America**

v.

**Caesar B. HOUSTON.**

**Crim. No. 3–75–71.**

United States District Court,
E. D. Tennessee, N. D.

April 20, 1978.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for plaintiff.

A. Tom Monceret, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

The defendant, Caesar B. Houston, is charged by a two-count indictment filed November 5, 1975, with possession of an unregistered firearm and with possession of a firearm not identified by serial number. The alleged criminal activity occurred on or about April 8, 1975. Defendant was arrested on March 27, 1978.

On April 12, 1978, defendant filed a motion to dismiss the indictment on the ground that defendant's right to a speedy trial under the Sixth Amendment to the United States Constitution had been denied, and, in the alternative, on the ground that there had been unnecessary delay in bringing the defendant to trial, in violation of Fed.R.Crim.P. 48(b). Briefs have been submitted on this motion and an evidentiary hearing has been held. On the basis of all of the evidence before it, the Court concludes that defendant's motion must be granted for the reasons hereinafter stated.

■ Defendant's indictment in November 1975 rendered him an accused person guaranteed a speedy trial by the Sixth Amendment, as of that date. *United States v. Marion,* 404 U.S. 307, 320, 92 S.Ct. 455, 30 L.Ed.2d 468 (1972). Whether the test is phrased in terms of the Sixth Amendment or Rule 48(b), the Court must evaluate defendant's speedy trial claim in light of the guidelines adopted by the Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

*See United States v. Judge,* 425 F.Supp. 499, 503 (D.Mass.1976); *cf. United States v. LaBorde,* 496 F.2d 965 (6th Cir. 1974). In the *Barker* case, the Supreme Court decided that the right to a speedy trial is to be determined on the basis of an *ad hoc* balancing test. 407 U.S. at 530, 92 S.Ct. 2182. The factors to be considered are the length of the delay, the reason for the delay, the defendant's assertion of his speedy trial right and any prejudice resulting to the defendant because of the delay. *Id.* at 530–33, 92 S.Ct. 2182.

■ The defendant in the instant case was not arrested until approximately 29 months after his indictment was returned. Such a delay is "presumptively prejudicial" and requires the application of the balancing test described above. *Cf. United States v. Mulligan,* 520 F.2d 1327, 1331 (6th Cir. 1975), *cert. denied* 424 U.S. 919, 96 S.Ct. 1123, 47 L.Ed.2d 325 (1976). However, the length of the delay by itself does not require dismissal of the indictment. *See United States v. Beard,* 381 F.2d 325, 328–29 (6th Cir. 1967); *United States v. Garner,* 529 F.2d 962 (6th Cir. 1975), *cert. denied* 426 U.S. 922, 96 S.Ct. 2630, 49 L.Ed.2d 376 (1976).

■ With commendable candor, the Government has admitted that the reason for the delay in this case was the negligence of the Government. The defendant resided at all relevant times within this District and had no reason to suspect that he had been charged with violations of federal law. Of course, the defendant cannot in any way be considered responsible for the delay. *Cf. United States v. Mulligan, supra,* at 1331. Although negligence is a "more neutral" reason for delay than is a purposeful attempt "to hamper the defense," negligence must nevertheless be counted against the Government. *Barker v. Wingo, supra,* at 531, 92 S.Ct. 2182. Prosecutorial neglect has been considered to be one of the problems that "the right to a speedy trial was designed to prevent." *United States v. Garner, supra,* at 967.

■ The third factor, the assertion of the right to a speedy trial, is not clearly applicable to this case. The defendant could not have been expected to assert his right during the long period in which he was unaware of the charges pending against him. After his arrest, the defendant did immediately assert his speedy trial claim. *Cf. United States v. Gibson,* 513 F.2d 978, 981–82 (6th Cir. 1975).

Of all of the factors to be considered in a speedy trial claim, prejudice to the defendant is "the most critical one." *Trigg v. Tennessee,* 507 F.2d 949, 954 (6th Cir. 1974), *cert. denied,* 420 U.S. 938, 95 S.Ct. 1148, 43 L.Ed.2d 414, *rehearing denied,* 420 U.S. 998, 95 S.Ct. 1439, 43 L.Ed.2d 680 (1975). The Supreme Court in *Barker* identified three types of possible prejudice that might be suffered by a defendant because of denial of his speedy trial right: oppressive pretrial incarceration, increased anxiety and concern, and possible impairment of his defense. 407 U.S. at 532, 92 S.Ct. 2182. The defendant asserts here that he has suffered prejudice due to the impairment of his defense.

The defendant, both before and after the alleged illegal activity, dealt in various items of junk. Some of the items with which he came into frequent contact were different types of firearms. The defendant cannot now recall the specific incident that is the subject of the alleged offense. Nor is he able to remember which, if any, witnesses might be able to aid him in establishing his defense. The Court finds that the extreme length of delay is a critical factor contributing to the defendant's memory loss, and to his inability to remedy this loss by reliance on the memory of others.

The Court considers the defendant's testimony at the evidentiary hearing to contain "specific examples of impaired memory" sufficient to constitute serious prejudice to his defense. *Cf. United States v. Mulligan, supra,* at 1333; *United States v. Garner, supra,* at 969. Furthermore, the prejudice would not have occurred had the excessive delay been reduced or eliminated. *Cf. United States v. Gibson, supra,* at 981. It is

134

true that the defendant cannot show every specific instance in which he has been prejudiced, but this is unfortunately inherent in the very claim of prejudice due to loss of memory. *See Barker v. Wingo, supra,* 407 U.S., at 532, 92 S.Ct. 2182. An individual engaged in the defendant's line of business simply cannot be expected to remember each item and each person dealt with, almost three years later.

The Court is convinced that the defendant's right to a speedy trial has been violated in this case. Although the remedy of dismissal is a severe consequence, it is the proper remedy for a denial of this right. *Strunk v. United States,* 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973). A dismissal pursuant to Rule 48(b) "is governed by similar considerations" as is a speedy trial claim. *United States v. Judge, supra,* at 505.

For the foregoing reasons, it is ORDERED that the indictment be, and the same hereby is, dismissed.

Order Accordingly.