16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mario Orlando LEWIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1911.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1994.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This is an appeal from an order denying a motion to vacate sentence filed under 28 U.S.C. Sec. 2255. Mario Orlando Lewis was convicted in 1990 after a jury trial of aiding and abetting the distribution of cocaine (21 U.S.C. Sec. 841(a)(1)), use of a firearm during a felony drug offense (18 U.S.C. Sec. 924(c)), and felon in possession of a firearm (18 U.S.C. Sec. 922(g)). His conviction and sentence were affirmed on direct appeal. United States v. Lewis, Nos. 90-1786/99 (6th Cir. March 20, 1991) (unpublished).
 
 
 4
 In 1993, Lewis filed a Sec. 2255 motion to vacate sentence in which he challenged the 1990 sentence as being the product of ineffective assistance of counsel. The government responded and the district court denied the relief sought without conducting an evidentiary hearing. This appeal followed. The parties have briefed the issues; Lewis is proceeding without benefit of counsel.
 
 
 5
 Lewis contends that the district court improperly denied his motion without conducting an evidentiary hearing and that the motion was meritorious. Examination of the record and law completely supports the district court's actions.
 
 
 6
 Lewis was indicted in connection with one of an apparent series of cocaine base ("crack") sales in Flint, Michigan, effected by the same group of dealers. Testimony at trial placed Lewis at the scene of a drug transaction holding an AK-47 rifle while another individual conducted the actual drug sale. The evidence at sentencing revealed Lewis's role as driver for a Detroit youth who was in charge of selling the crack in Flint on a regular basis. The district court concluded that Lewis should be held responsible for 150 to 500 grams of cocaine for guideline sentencing purposes. On appeal, Lewis specifically challenged the amount of cocaine for which he was held responsible at sentencing. The panel who heard the appeal rejected this claim, holding that "[w]e have no problem with the court's disposition as to defendant Lewis based on a relevant conduct involvement of at least 150 grams [of cocaine]." Lewis, slip op. at 5.
 
 
 7
 Lewis's motion to vacate is bottomed on a contention that, as he was convicted of distribution of cocaine, it was error for the court to calculate his sentence based on an amount of cocaine base. Lewis claims that the relevant conduct calculation was overinclusive. He reasons this was caused by a lack of effective representation by his defense counsel, specifically, defense counsel's failure to object to the calculation in the presentence report. Lewis contends on appeal that it was reversible error for the district court to deny his motion without an evidentiary hearing and, of course, maintains his position that his motion has merit.
 
 
 8
 Lewis has failed to show a fundamental defect in the underlying proceedings that inherently resulted in a complete miscarriage of justice or a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 9
 First, the panel of this court that heard Lewis's direct appeal considered and emphatically rejected any notion that the district court made a mistake in the calculation of the total amount of drugs to be attributed to Lewis for sentencing purposes. This decision alone settles the question, for it is hornbook law that an issue actually decided on appeal is no longer open to question in subsequent litigation between the parties. See, e.g., United States v. Mulligan, 520 F.2d 1327, 1329 (6th Cir.1975) (per curiam), cert. denied, 424 U.S. 919 (1976).
 
 
 10
 It is also apparent that Lewis has not demonstrated that he received ineffective assistance of counsel at sentencing. One seeking collateral relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). Lewis's trial counsel cannot be held to account for his failure to object when Lewis was sentenced on the basis of an amount of crack cocaine. It is true that the relevant count of the indictment spoke to distribution of cocaine under 21 U.S.C. Sec. 841(a)(1), not cocaine base or crack. Nevertheless, this is irrelevant. The law is clear that an indictment for cocaine possession followed by proof at trial of possession of crack does not work a variance, United States v. Pierce, 893 F.2d 669, 676 (5th Cir.1990) (amended opinion), and is within the sentencing framework of the statute. United States v. Levy, 904 F.2d 1026, 1032-34 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991). Trial counsel is not required to make frivolous objections to avoid a charge of ineffective representation. The appeal lacks merit.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, U.S. District Judge for the Eastern District of Tennessee, sitting by designation