**Mario Orlando LEWIS, Petitioner–Appellant,**

v.

**UNITED STATES BUREAU OF PRISONS; John Lamanna, Warden; Constance J. Dixon, Respondents–Appellees.**

No. 00–3722.

United States Court of Appeals,
Sixth Circuit.

March 12, 2001.

Before KRUPANSKY, BOGGS, and BATCHELDER, Circuit Judges.

### ORDER

Mario Orlando Lewis, a pro se federal prisoner, appeals a district court judgment dismissing his mandamus action filed pursuant to 28 U.S.C. § 1361. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After exhausting his available administrative remedies, Lewis sued the United States Bureau of Prisons, the federal prison, the prison warden, and the prison's systems manager, contending that the defendants had a duty to write a letter to the sentencing court concerning asserted discrepancies between his judgment, commitment order, and presentence report. Lewis stated that this duty was required by Bureau of Prisons Policy Statement, P.S. 5800.07. The district court found that the policy stated that matters of clarification of a sentence should be sent to the United States Attorney and not the sentencing court. Therefore, the district court dismissed the petition as frivolous. In his timely appeal, Lewis contends that the district court's findings were wrong and that the policy does require the Bu-

reau to contact the sentencing court to obtain clarification of a sentencing order.

The district court's decision is reviewed for an abuse of discretion. *See Franchi v. Manbeck,* 972 F.2d 1283, 1289 (Fed.Cir. 1992).

Lewis is not entitled to mandamus relief. To obtain relief under § 1361, an individual must establish that he has a clear right to relief and that the defendant has a clear, nondiscretionary duty to act. *See Heckler v. Ringer,* 466 U.S. 602, 616–17, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *In re Bankers Tr. Co.,* 61 F.3d 465, 469 (6th Cir.1995). The basis for Lewis's request for mandamus relief is that he feels that his sentence is wrong. The facts establish that the Bureau contacted the United States Attorney's Office regarding Lewis's concerns. Lewis believes that under the policy in question, the contact should have been made with the sentencing court and not with the United States Attorney's Office, and that a mandamus order should be issued requiring the Bureau to contact the sentencing court.

Lewis's argument does not establish mandamus jurisdiction. Lewis's assertion that his sentence is flawed was rejected by this court in Lewis's direct appeal and prior § 2255 motion. *See Lewis v. United States,* No. 93–1911, 1994 WL 33984, at *1–2, 16 F.3d 1220 (6th Cir. Feb. 3, 1994). Furthermore, the Bureau sent a letter to the United States Attorney's Office as required by the Bureau's policy manual. Therefore, Lewis has received all the relief which he is entitled to receive and the district court did not err in denying Lewis mandamus relief.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.