NOT RECOMMENDED FOR PUBLICATION
File Name: 04a0042n.06
Filed: October 22, 2004

NOS. 03-5508/5509

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,                )
                                         )
                                         )
        Plaintiff-Appellee,              )
                                         )
                                         )   ON APPEAL FROM THE UNITED
v.                                       )   STATES DISTRICT COURT FOR THE
                                         )   WESTERN DISTRICT OF TENNESSEE
                                         )
FRANKLIN HALE and                        )
CAROLYN SUE HALE,                        )
                                         )
                                         )
        Defendants-Appellees.            )
_____

        BEFORE: DAUGHTREY and SUTTON, Circuit Judges, and COOK,[*] District Court
Judge.

        **PER CURIAM.** The defendants, Frank and Carolyn Hale, were originally charged

in an 11-count indictment with conspiracy to violate and ten substantive violations of the

Lacey Act, which makes it a federal crime, under certain circumstances, to violate state fish

and wildlife laws. *See* 16 U.S.C. § 3371-3378 (1981). After the government dismissed

Counts 8 through 11, the Hales went to trial before a jury and were convicted on six of the

seven remaining counts. They now appeal, contending that several of the counts on which

_____

[*]The Hon. Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting
by designation.

they were convicted fail to charge an offense and that the jury instructions were faulty in at least two respects.  We find no reversible error and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The Hales, a married couple, owned and operated a wholesale caviar business, Royaloff Caviar, in Tennessee and Kentucky.  They utilized the roe of paddlefish (*Polyodon spathula*), which are large, shark-like river fish with long, flat blade-like snouts.  Because paddlefish populations are declining, many states have either limited the season for catching paddlefish or banned fishing for them altogether.  The defendants were charged with purchasing and selling the eggs of paddlefish that were caught during the closed season, with falsifying records relating to the caviar, and with operating a wholesale fish business without the requisite state license.

At trial, there was extensive testimony regarding the illegal nature of the defendants' business.  Fishermen and their relatives testified that they sold the Hales paddlefish caviar obtained during closed season and that the Hales knew that the fish had been caught illegally. There was also overwhelming evidence that the Hales had purposefully put false names on the records to hide the fact that they were buying the fish eggs illegally.   The Hales engaged in other deceptive behavior, such as instructing fishermen to park their cars so that their Tennessee license plates would not show when they were selling paddlefish eggs in Kentucky while the season was closed in Tennessee.  Several fishermen testified that Frank Hale told them that he would "take care of them" if they were ever caught fishing illegally.  Two fishermen testified that the Hales helped them obtain Illinois commercial

fishing licenses as a cover-up, in case they were ever stopped transporting eggs while the season was closed in Tennessee. Finally, the evidence showed that the Hales were not licensed with the Tennessee Wildlife Resource Agency, as required by state law, between 1995 and 1998, despite the advice of several state agents who testified that they had informed the Hales of the need to obtain such a commercial license.

Following the jury's verdict acquitting the defendants on one count and convicting them of conspiracy and five substantive violations, the district court sentenced Franklin Hale to 24 months on each of the counts, to run concurrently, and Carolyn Hale to 21 months on each of the counts, to run concurrently. This appeal followed.

## DISCUSSION

The Hales were convicted of violating Tennessee fishing and wildlife laws under the Lacey Act, which "assists the states in enforcing their wildlife protection laws by making it a federal crime 'to import, export, transport, sell, receive, acquire, or purchase in interstate or foreign commerce any fish or wildlife taken, possessed, transported, or sold in violation of any law or regulation of any State . . . .' 16 U.S.C. § 3372(a)(2)(A) (1981)." *United States v. Bryant*, 716 F.2d 1091, 1093 (6th Cir. 1983).

The defendants argue that Count 1 failed to allege a criminal offense because, under Tennessee law, no license was required to operate a wholesale fish dealership prior to 2000. This question was not raised as a challenge to the indictment prior to trial, and it is

therefore reviewed on appeal under the standard set out in *United States v. Gatewood*, 173

F.3d 983, 986 (6th Cir. 1999) (emphasis added)**:**

> We review the sufficiency of an indictment *de novo. See United States v. DeZarn*, 157 F.3d 1042, 1046 (6th Cir. 1998). . . . Under Rule 12(b)(2) of the Federal Rules of Criminal Procedure, however, a defendant who contends that the indictment fails to establish jurisdiction or to charge an offense may raise that challenge at any time. *See United States v. Hart*, 640 F.2d 856, 857 (6th Cir. 1981). But *when an indictment is not challenged until appeal, as in this case, the indictment must be construed liberally in favor of its sufficiency. See United States v. Gibson*, 513 F.2d 978, 979 (6th Cir. 1975). "Furthermore, unless the defendant can show prejudice, a conviction will not be reversed where the indictment is challenged only after conviction unless the indictment cannot within reason be construed to charge a crime." *Hart*, 640 F.2d at 857-58.

The first count of the indictment charged that the defendants conspired to violate the

Lacey Act by operating a wholesale fish dealership without a license, in violation of the

following provision of Tennessee Code Annotated §70-2-206 (1990):

> *Wholesale fish dealers and boat dock operators - License requirements - Fees.* (a) Before any person, firm or corporation engages in the business of a "wholesale fish dealer" or a "wholesale mussel dealer," as defined in this subsection, such person, firm or corporation shall make *application* to the state wildlife resources agency upon forms provided by it.
>
> (1) "Person" includes the plural as well as the singular, as the case demands, and includes individuals, partnerships, associations, or corporations;
>
> (2) "Places of business," as used in this title includes the place where orders for aquatic products are received, or where aquatic products are purchased or sold;
>
> (3) "Wholesale fish dealer" means any person in the business of buying for the purpose of selling, canning, preserving or processing, or buying for the purpose of handling for shipment or sale, fish or other edible aquatic life or products, to retailers and/or hotels, restaurants or cafes. *Each separate place of business shall require a separate license* . . . ;

> (b) The license and fee to be paid for the same are hereby provided for and are as follows:
>
> (1) Wholesale fish dealer's license...................$ 250.00
>
> (2) Wholesale mussel dealer's license.............$ 250.00

Tenn. Code Ann. §70-2-206 (1990) (emphasis added).

In claiming that Count 1 failed to state an offense, the defendants cite only to subsection (a) of the statute, arguing that prior to its amendment in 2000, the statute required merely an "application," not an actual license. Interpreted as a whole, however, it is clear that § 70-2-206 required a license for wholesale fish dealers at the time the offense in this case occurred. Although he described the language of the section as "inartful," the district judge so held. Construing the indictment "liberally in favor of sufficiency," we agree with this assessment and therefore find no deficiency with respect to the first count of the indictment.

The defendants also contend that Counts 4, 5, 6, and 7 of the indictment failed to allege an essential element of the offense charged. This assignment of error was likewise not raised in advance of trial, and we find it equally unavailing. Each of those counts alleges that the defendants prepared records falsifying the identity and address of the seller of the paddlefish, in violation of 16 U.S.C. §§ 3372(d)(2) and 3373(d)(3)(A)(ii). Sixteen U.S.C. §3372(d) prohibits the "mak[ing] or [submission of] any false record, account, or label for, or any false identification of any fish, wildlife, or plant which has been, or is intended to be . . . transported in interstate or foreign commerce." The defendants argue

that because the indictment did not allege that the allegedly false record involved a false identification of *fish*, it failed to allege an essential element of the offense.

This argument is so obviously without merit that it borders on being frivolous. The statute clearly criminalizes making and submitting false records relating to fish that are sold in interstate commerce. It does not, as the defendants suggest, criminalize only the false identification of fish (i.e., passing off paddlefish caviar as sturgeon caviar). Even without a standard of review that requires us to construe the indictment liberally in favor of sufficiency, we find no legal deficiency in the counts in question.

We turn, then, to the defendant's challenges to the jury instructions, reviewing the failure of the district court to give special instructions to the jury for plain error only, because the defendant made no contemporaneous objections to the instructions. *See United States v. Dedhia*, 134 F.3d 802, 808 (6th Cir. 1998).

The defendants argue that the district court plainly erred because it did not instruct the jury that the Lacey Act required specific knowledge, i.e., that the defendants knew that their actions were in violation of the underlying statutes. Instead, the district court instructed the jury that "'knowingly' means to act voluntarily and deliberately rather than mistakenly or inadvertently." This instruction is not only consistent with the language of the statute but also with the legislative history of the Lacey Act, which indicates that the government's burden is to show that a defendant had knowledge that his or her conduct was illegal, not actual knowledge of the exact underlying statutes that were violated. In this regard, the Senate report describes "knowing violations" of the Lacey Act as those

"violations that are committed by engaging in volitional conduct." S. REP. NO. 97-123, at 11 (1981), *reprinted in* 1981 U.S.C.C.A.N. 1748, 1758.

The failure to give a special instruction in this case was not error because implicit in the court's charge was a requirement that the government prove that the defendants knew they were violating state law. Moreover, any failure to give a special instruction in this case could not have affected the defendants' substantial rights or the fairness, integrity, or public reputation of the trial, given the overwhelming evidence of the defendants' guilt. *See Dedhia*, 134 F.3d at 808.

The defendants also argue for the first time on appeal that the district court should have instructed the jury on a lesser-included misdemeanor offense. Under *United States v. Camejo*, 333 F.3d 669, 673 (6th Cir. 2003), such an instruction is required only if:

> (1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) the evidence would support a conviction on the lesser offense; and (4) the proof on the element or elements differentiating the two crimes is sufficiently disputed so that a jury could consistently acquit on the greater offense and convict on the lesser.

In this case, the jury was instructed on the felony offense set out in 16 U.S.C. § 3373(d)(1)(B), which prohibits "the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase, fish or wildlife or plants with a market value in excess of $350, knowing that the fish or wildlife or plants were taken, possessed, transported, or sold in violation of, or in a manner unlawful under, any underlying law, treaty or regulation." Citing *United States v. Parker*, 991 F.2d 1493, 1496 (9th Cir. 1993), the defendants

contend that the jury should also have been instructed on the lesser-included misdemeanor charge, which prohibits non-commercial violations of the Lacey Act. *See* 16 U.S.C. § 3373(d)(2).

We disagree. First, there was no request for such an instruction. More importantly, because there was overwhelming evidence at trial on which the jury could have convicted the defendants of the felony offense under §3373(d)(1)(B), an instruction on the misdemeanor offense was not required. Certainly, we cannot say that it was plain error not to include an instruction on the lesser included offense sua sponte.

## **CONCLUSION**

For the reasons set out above, we find no reversible error and AFFIRM the judgment of the district court.