NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0404n.06

No. 20-5842

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 26, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| LEVESTER GRAYER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | **OPINION** |
| | ) | |
| | ) | |

Before: BOGGS, CLAY, and WHITE, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Levester Grayer was convicted by a jury of simple possession of cocaine base, in violation of 21 U.S.C. § 844(a), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 235 months of incarceration pursuant to the Armed Career Criminal Act, § 924(e)(1). Defendant argues that the district court erred in denying his motion to suppress evidence obtained in a warrantless search, as well as his motion for a new trial on the felon-in-possession count based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). We **AFFIRM**.

**BACKGROUND**

**Factual Background**

On October 3, 2016, the Memphis Police Department ("MPD") received an anonymous tip regarding Defendant. After receiving the tip, members of the MPD Organized Crime Unit

("OCU") confirmed that there were outstanding warrants for Defendant's arrest. Subsequently, members of the OCU received a photo of a "Levester Grayer" on their digital devices.

Police had received information that Defendant would be at the Corner Grocery, which is located at the intersection of Goodlatt Street and Winchester in Memphis, Tennessee. The OCU then set up a surveillance team around the Corner Grocery. Shortly thereafter, a vehicle matching the one described in the tip pulled into the Corner Grocery lot, and a person got out of it. The police identified Defendant as the driver of the vehicle. Once they identified him, the police moved to arrest Defendant. Defendant was frisked and placed in a police vehicle, and his car was searched.

**Procedural Background**

Defendant was indicted on three counts on January 26, 2017. He was charged with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Defendant moved to suppress certain evidence, including evidence obtained as a result of his October 3, 2016 arrest, arguing that the police lacked reasonable suspicion to detain him and that no exception to the warrant requirement justified the search of Defendant's vehicle. The district court denied the motion.

The case proceeded to trial where Defendant was found to be not guilty of possession with intent to distribute controlled substances. He was convicted of simple possession of crack cocaine. In light of his acquittal on the drug-trafficking charge, Defendant was found not guilty of possession of a firearm in furtherance of drug trafficking. However, Defendant was found guilty of being a felon in possession of a firearm.

At sentencing, the district court determined that Defendant was an armed career criminal and imposed a total sentence of incarceration of 235 months, twelve months on his conviction for possession of controlled substances and 235 months on the felon-in-possession charge, to be served concurrently. Defendant timely appealed.

## DISCUSSION

### I.    Motion to Suppress

The district court properly denied Defendant's motion to suppress evidence obtained as a result of his seizure by police on October 3, 2016, because the police were aware of Defendant's outstanding warrants, and they had positively identified him with reference to a picture before seizing him. The warrantless search of Defendant's vehicle was justified because police detected the smell of marijuana coming from the vehicle.

### A.  Standard of Review

"When reviewing a denial of a motion to suppress, the district court's factual determinations are reviewed for clear error and its legal conclusions are reviewed *de novo*." *United States v. Pacheco*, 841 F.3d 384, 389 (6th Cir. 2019). We view the evidence in the light most likely to support the district court's decision. *United States v. Abernathy*, 843 F.3d 243, 250 (6th Cir. 2016). "In addition, we must give deference to the district court's assessment of credibility inasmuch as the court was in the best position to make such a determination." *United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir. 1999).

### B.  Defendant's Arrest

In this case, police determined that Defendant had a number of active warrants and identified him with a picture before arresting him. Defendant points to no cases where such a fact

pattern has supported suppression. In fact, one of the main cases Defendant relies upon, *United States v. Hudson*, 405 F.3d 425 (6th Cir. 2005), squarely undermines his argument on appeal.

In *Hudson*, we reversed the district court's denial of a motion to suppress despite the fact that the police knew there were outstanding warrants for the defendant's arrest. We recognized that due to the warrants, "the officers, *a fortiori*, had probable cause to arrest [the defendant], to assume he was armed and dangerous, and to search his person and wingspan." *Id.* at 432.

In *Hudson*, the police had received a tip that the defendant's partner, and the mother of his child, would be driving to work. *Id.* at 433. We concluded that it was an "unreasonable [] leap to deduce from this that the two were traveling together" on a certain date. *Id.* "Of course, had the officers positively, or at least reasonably, identified [the defendant] as a passenger *before* approaching [his partner's] car with their guns drawn—for example, by reference to a photograph of [the defendant], or a composite drawing—they would have had reasonable suspicion to seize the car and its occupants." *Id.* at 433–34. That is precisely what happened in this case. Multiple MPD officers testified that prior to Defendant's arrest, they had a photograph of Defendant while they were observing the Corner Grocery, and they believed other officers had access to the photograph as well.

The district court properly found that the arrest warrants and the police viewing of Defendant's photograph made Defendant's detention lawful. While Defendant points out that the photograph itself was never entered into evidence, the district court found MPD Detective Darnell Gooch's testimony that fellow officers had shared a photograph of Defendant before the arrest credible, and Defendant offers no grounds to disturb that determination.

**C. Warrantless Search of Defendant's Vehicle**

The search of Defendant's vehicle was not conducted pursuant to a warrant. Accordingly, an exception to the Fourth Amendment's warrant requirement must apply if we are to affirm the district court's denial of Defendant's motion to suppress. *See Birchfield v. North Dakota*, 136 S. Ct. 2160, 2173 (2016). The government only needs to show that one such exception applies to justify a warrantless search or seizure. *See United Pet Supply, Inc. v. City of Chattanooga*, 768 F.3d 464, 489–90 (6th Cir. 2014). "An action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, 'as long as the circumstances, viewed *objectively*, justify [the] action.'" *Brigham City v. Stuart*, 547 U.S. 398, 404 (2006) (alteration in original) (quoting *Scott v. United States*, 436 U.S. 128, 138 (1978)).

"It is blackletter law that the police can lawfully search a car without a warrant if they have probable cause." *Hernandez v. Boles*, 949 F.3d 251, 259 (6th Cir. 2020). "This court has held that an officer's detection of the smell of marijuana in an automobile can by itself establish probable cause for a search." *United States v. Elkins*, 300 F.3d 638, 659 (6th Cir. 2002) (citing *United States v. Garza*, 10 F.3d 1241, 1246 (6th Cir. 1993)); *see also United States v. Johnson*, 707 F.3d 655, 658 (6th Cir. 2013) (same).

The district court properly found that the police's detection of the smell of marijuana justified the warrantless search of Defendant's vehicle. The district court recognized that there was some discrepancy between the officers' testimony and police records as to whether there was a smell of burnt or raw marijuana coming from the vehicle. But in light of demeanor evidence and the officers' training, the district court found the officers' testimony that they smelled the odor of marijuana credible, which, in turn, entitled them to search Defendant's vehicle. We affirm the district court's denial of Defendant's motion to suppress.

## II.     *Rehaif*

There is no dispute that Defendant's indictment failed to allege the knowledge-of-status element of Defendant's felon-in-possession charge. In *Rehaif*, the Supreme Court concluded that the government must prove that a defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. *Rehaif* was decided after Defendant's May 2019 trial, but before his July 2020 sentencing. In the district court, Defendant filed a motion under Federal Rule of Criminal Procedure 33 arguing that this deficiency in the indictment required vacating his conviction or, in the alternative, a new trial. The district court denied Defendant's motion on the merits in a written order. We review a district court's denial of a Rule 33 motion for abuse of discretion. *United States v. Hendricks*, 950 F.3d 348, 354 (6th Cir. 2020). Under Rule 33, a district court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

When a challenge to an indictment is brought for the first time after the defendant has been convicted, the indictment is "construed liberally in favor of its sufficiency." *United States v. Gibson*, 409 F.3d 325, 331 (6th Cir. 2005) (quoting *United States v. Gibson*, 513 F.2d 978, 979 (6th Cir. 1975)). We rejected the same argument that Defendant now presents in *United States v. Ward*, 957 F.3d 691 (6th Cir. 2020), after liberally construing the indictment in favor of its sufficiency. In that case, we found that an indictment that did not include the knowledge-of-status element required by *Rehaif* was sufficient, concluding that "nothing here indicates that 'the indictment cannot within reason be construed to charge a crime.'" *Id.* at 695 (quoting *United States v. Gatewood*, 173 F.3d 983, 986 (6th Cir. 1999)). So too here. As the district court found, Defendant does not allege that the indictment cannot be construed to charge a crime, nor would such an argument be persuasive in light of our precedent.

6

Additionally, "we will reverse a conviction due to the insufficiency of the indictment only if the defendant's substantial rights are affected, meaning he can 'show[] prejudice to his ability to defend himself at trial, to the general fairness of the trial, or to the indictment's sufficiency to bar subsequent prosecutions." *United States v. Rankin*, 929 F.3d 399, 404 (6th Cir. 2019) (alteration in original) (quoting *United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 580 (6th Cir. 2002)).

For the reasons explained by the district court and raised by the government on appeal, Defendant has not shown that his substantial rights were affected by his indictment's failure to include the knowledge-of-status element for his felon-in-possession charge. In this case, Defendant stipulated to his prior felonies at trial, which we have explained does not establish knowledge of status, but is strongly suggestive of it. *United States v. Raymore*, 965 F.3d 475, 486 (6th Cir. 2020). The Supreme Court recently explained that prior convictions in and of themselves are "substantial evidence" of knowledge of felon status. *Greer v. United States*, 141 S. Ct. 2090, 2097–98 (2021). Moreover, at trial, Defendant was asked during cross-examination if he "knew [he] had been convicted of a felony as of October 3, 2016," which was the date of his arrest, to which Defendant responded, "Yes." (5-22-19 Jury Trial Tr., R. 259, Page ID #1968.) This case also has contemporaneous evidence of Defendant's knowledge of status—the record contains a signed statement by Defendant dated the day of his arrest, in which he told police that he had been convicted of robbery, drug crimes (which were specified in the statement to be a felony), and aggravated assault, and that he served eight-and-a-half years for the robberies, four years for the drugs, and six months for the assault. (Defendant Statement, R. 92-2, Page IDs ##149–50.)

Additionally, after briefing in this appeal was complete, the Supreme Court decided *Greer v. United States*, which held that a defendant who had stipulated to his felon status did not

demonstrate that his substantial rights were affected due to a *Rehaif* error in the jury instructions. *Greer*, 141 S. Ct. at 2097. The case for denying Defendant relief in this case is even stronger than in *Greer* because the jury instructions delivered at Defendant's trial properly specified the knowledge-of-status requirement.

## CONCLUSION

For the reasons stated above, the judgment of the district court is **AFFIRMED**.